MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

JASON C. SCHWARTZ (*pro hac vice application to be submitted*)
  jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Attorneys for Defendant
AMAZON.COM SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SAMILLE R. JOHNSON, MARIE C. LEACH, DARIUS BOYD, and HUSSAM ALJAWAD as individuals, on behalf of themselves, and on behalf all others similarly situated,<br><br>      Plaintiffs,<br><br>      vs.<br><br>AMAZON.COM SERVICES, INC., a Delaware corporation; GOLDEN STATE FC LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>      Defendants. | CASE NO. 8:19-cv-00711<br><br>**DEFENDANT AMAZON.COM SERVICES, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>[Removal from the Superior Court of California, County of Orange, Case No. 30-2019-01053847-CU-OE-CXC]<br><br>Action Filed: April 15, 2019 |

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

**Page**

I. PROCEDURAL BACKGROUND ..................................................................... 1

II. REMOVAL IS TIMELY .................................................................................. 3

III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA ................................................................................................. 4

    A. The Amount in Controversy Exceeds $5 Million ...................................... 5

        1. Plaintiffs' Request for Back Pay Alone, Calculated Based on a Mere Two Weeks of Back Pay and Including Only Members of the Purported Age Discrimination Class Who Held White Badges, Places the Amount in Controversy Over $5 Million ........................ 6

        2. Plaintiffs' Requests for Attorneys' Fees and Punitive Damages Place Additional Amounts in Controversy, Further Exceeding the CAFA Threshold ................................................................................. 7

    B. Diversity of Citizenship as Defined by CAFA Exists ................................ 8

    C. The Aggregate Number of Putative Class Members is 100 or Greater .... 10

IV. ALTERNATIVELY THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER TRADITIONAL DIVERSITY JURISDICTION .... 11

V. VENUE ........................................................................................................... 11

VI. NOTICE .......................................................................................................... 11

VII. CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. State Farm Mut. Auto. Ins. Co.*,
   917 F.3d 1126 (9th Cir. 2019) .................................................................................. 4

*Bayol v. Zipcar, Inc.*,
   No. 14–cv–02483–TEH2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) .................... 8

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) ............................................................................. 5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S. Ct. 547 (2014) ............................................................................................... 5

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ................................................................................. 7

*Giannini v. Northwestern Mut. Life Ins. Co.*,
   No. C 12-77 CW, 2012 WL 1535196 (N.D. Cal. Apr. 30, 2012) ............................ 7

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ........................................................................... 5, 7, 8

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................. 8

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ................................................................................................... 9

*Jordan v. Nationstar Mortg., LLC*,
   781 F.3d 1178 (9th Cir. 2015) ................................................................................. 5

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) .............................................................................. 9, 10

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................................... 5

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................... 6

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*LaCross v. Knight Transportation Inc.*,
  775 F.3d 1200 (9th Cir. 2015) ................................................................................ 6

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) .................................................................................. 9

*Lewis v. Verizon Commc'ns., Inc.*,
  627 F.3d 395 (9th Cir. 2010) .................................................................................. 4

*Molnar v. 1-800-Flowers.com, Inc.*,
  No. CV 08-0542 CAS, 2009 WL 481618 (C.D Cal. Feb. 23, 2009) ...................... 8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ................................................................................................ 4

*Oda, et al. v. Gucci Am., Inc.*,
  No. 2:14-cv-7468-SVW, 2015 WL 93335 (C.D. Cal. Jan. 7, 2015) ....................... 5

*Owens v. Huntling*,
  115 F.2d 160 (9th Cir. 1940) .................................................................................. 9

*In re Quintus Sec. Litig.*,
  148 F. Supp. 2d 967 (N.D. Cal. 2001) ................................................................... 8

*Rippee v. Boston Mkt. Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) .................................................................... 6

*Sanchez v. Russell Sigler, Inc.*,
  No. CV 15-01350-AB, 2015 WL 12765359 (C.D. Cal. April 28, 2015) ............... 5

*Sasso v. Noble Utah Long Beach, LLC*,
  No. CV 14-09154-AB AJWX, 2015 WL 898468 (C.D. Cal. Mar. 3,
  2015) ....................................................................................................................... 7

*Singer v. State Farm Mut. Auto. Ins. Co.*,
  116 F.3d 373 (9th Cir. 1997) .................................................................................. 5

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &
  Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
  602 F.3d 1087 (9th Cir. 2010) ................................................................................ 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Statutes**

28 U.S.C. § 1332(a) ..................................................................................................11

28 U.S.C. § 1332(c) ....................................................................................................9

28 U.S.C. § 1332(d) .........................................................................................5, 8, 10

Gibson, Dunn &
Crutcher LLP

TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendant Amazon.com Services, Inc. ("Amazon")[1] removes the above-entitled action to this Court—from the Superior Court of the State of California, County of Orange—pursuant to 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§, 1441(a) and 1446, on the following grounds.

## I. PROCEDURAL BACKGROUND

1. On February 27, 2019, Plaintiffs Samille R. Johnson, Marie C. Leach, Darius Boyd, and Hussam Aljawad filed an unverified putative class action complaint in the Superior Court of the State of California, County of Orange, entitled *Samille R. Johnson, Marie C. Leach, Darius Boyd, and Hussam Aljawad as individuals, on behalf of themselves, and on behalf all others similarly situated vs. Amazon.com Services, Inc., a Delaware corporation, Golden State FC, LLC, a Delaware limited liability company; and Does 1-50, inclusive*, Case No. 30-2019-01053847-CU-OE-CXC.

2. On March 15, 2019, Plaintiffs served copies of the Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR) Information Package, and ADR Stipulation on Amazon. Copies of these documents, as well as the Proof of Service filed on April 10, 2019 and the Court's minute order entered on March 18, 2019 are attached as Exhibits A through G to the Declaration of Michele L. Maryott ("Maryott Decl.") in Support of Defendant's Notice of Removal.

3. In their Complaint, Plaintiffs assert seven claims on behalf of themselves and members of the following two purported subclasses:

- **Age Discrimination Subclass:** All persons over the age of 40 and who were employed by Defendants, AMAZON.COM SERVICES,

---

[1] Effective January 1, 2018, Amazon.com Fulfillment Services, Inc. changed its name to Amazon.com Services, Inc. Effective January 1, 2019, Golden State FC LLC merged with Amazon.com Services, Inc. and retained the name Amazon.com Services, Inc.

INC. and GOLDEN STATE FC, LLC in the State of California, and who at any time within four (4) years of the filing of this Complaint worked in Defendants' joint-venture fulfillment centers in the State of California and who, because of their age suffered adverse employment actions, including but not limited to discrimination in terms and conditions of their employment and termination.

Compl. ¶ 82, and

- **Disability Discrimination Subclass:** All persons who have or had a disabling condition and who were employed by Defendants, AMAZON.COM SERVICES, INC. and GOLDEN STATE FC, LLC in the State of California, and who at any time within four (4) years of the filing of this Complaint worked in Defendants' joint venture fulfillment centers in the State of California and who because of a work related injury and/or a disabling condition suffered an adverse employment action, including but not limited to one or more of the following actions: accrual of points for missing work due to work-related injury, which accrual of points led to discharge for accruing too many points; forced resignation, discrimination in terms and conditions of their employment; prohibited from and/or deemed ineligible to earn a permanent blue badge status after sustaining a work related injury or because of a disabling condition; retaliation after filing a workers compensation claim or request for accommodation; and/or termination.

Compl. ¶ 83.

4. The seven claims alleged are: (1) Disability Discrimination in violation of Gov't Code section 12940(a); (2) Age Discrimination in violation of Gov't Code sections 12940, 12946; (3) Failure to Accommodate in violation of Gov't Code section 12940(m); (4) Failure to Engage in the Interactive Process in violation of Gov't Code section 12940(n); (5) Retaliation in violation of Gov't Code section 12940(h); (6)

Wrongful Termination in Violation of Public Policy; and (7) Unlawful, Unfair, and Fraudulent Business Practices in violation of California Business and Professions Code section 17200 *et seq.*

5. Plaintiffs allege that Amazon maintained "various operational policies and practices," including internal incentives and attitudes, that prevented injured or disabled workers from moving from a white badge—given to temporary, part time, or seasonal workers—to a blue badge—given to "permanent employees."[2]  Compl. ¶¶ 27, 29, 31.  Specifically, Plaintiffs allege that "Defendants' policies and practices insure that only employees who are demonstrably strong, fit, who are not injured and not disabled and able to maintain Defendants' demanding production quotas, and who don't accrue 'points' as described herein, are able to obtain a blue badge and permanent employment."  Compl. ¶ 27.  Plaintiffs further allege that Amazon "did not terminate or take same or similar adverse employment actions against Plaintiffs' younger associates who were performing same or similar work, under same and similar conditions, even when such younger employee's production rates were also considered low."  Compl. ¶ 109.

6. Plaintiffs also allege that Amazon failed to engage in an interactive process in order to find an accommodation for Plaintiffs supposed injuries and disabilities, and that Amazon failed to actually accommodate Plaintiffs' supposed injuries and disabilities.  Compl. ¶ 3.  According to Plaintiffs, Amazon "'thin[ned] the herd'" of injured and disabled workers through chronic and improper coding of Plaintiffs' leave status.  Compl. ¶¶ 29–31.

7. For purposes of this removal only, Amazon assumes Plaintiffs' allegations as true.

## II. REMOVAL IS TIMELY

8. Plaintiffs served Amazon on March 15, 2019 through its authorized agent for service.  Because this Notice of Removal is filed within thirty days of service of the

---

[2]   All of the putative class members were employed at-will.

Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *see also Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019) ("Thirty days from February 13, 2015, was Sunday March 15, 2015, so the notice of removal would have been timely filed on Monday, March 16, 2015." (citing Fed. R. Civ. P. 6(a)(1)(C))).

### III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

9.   Plaintiffs bring this action as a putative class action. Compl. ¶ 1. Removal based on CAFA diversity jurisdiction is proper because: (A) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (B) diversity of citizenship exists between one or more plaintiffs and one or more defendants; and (C) the aggregate number of putative class members is 100 or greater. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), & 1453. Removal is therefore proper under 28 U.S.C. § 1441(a).

10.   Amazon denies Plaintiffs' factual allegations and denies that Plaintiffs or the class they purport to represent are entitled to the relief requested.[3] However, based on the allegations in the Complaint and the prayer for relief, all requirements for jurisdiction under CAFA have been met. Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action.

---

[3] Amazon denies that liability or damages can be established either as to Plaintiffs or on a class-wide basis. Amazon does not concede, and reserves the right to contest, at the appropriate time, Plaintiffs' allegations that this action may properly proceed as a class action. Amazon does not concede and reserves the right to contest, at the appropriate time, that any of Plaintiffs' allegations constitute a cause of action against it under applicable California law. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Amazon's notice seeks only to establish that the amount in controversy is more likely than not in excess of CAFA's jurisdictional minimum. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

### A. The Amount in Controversy Exceeds $5 Million

11. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

12. Where a plaintiff does not expressly plead a specific amount in damages, as is the case here, a defendant seeking to remove under CAFA need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional] amount" of $5 million. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). A defendant's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* and noting there is no anti-removal presumption against CAFA cases). Moreover, a removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

13. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of [alleged] violations." *Oda, et al. v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *12 (C.D. Cal. Jan. 7, 2015). Nor is a removing defendant required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359, at *2 (C.D. Cal. April 28, 2015) (citation omitted).

14. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

15. Finally, a plaintiff cannot defeat removal by contending that the damages ultimately recoverable may fall below the $5 million dollar threshold. *See LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.").

16. As discussed more fully below, the amount in controversy here exceeds $5 million.

### 1. Plaintiffs' Request for Back Pay Alone, Calculated Based on a Mere Two Weeks of Back Pay and Including Only Members of the Purported Age Discrimination Class Who Held White Badges, Places the Amount in Controversy Over $5 Million

17. There are 34,440 non-exempt Amazon associates employed in facilities in California who, during the purported class period of February 27, 2015 to February 27, 2019, were either 40 years of age at the outset or turned 40 years of age during that time period. Declaration of Liseth Gomez-Garcia ("Gomez-Garcia Decl.") ¶ 5e. Of those Amazon associates, 13,493 of them held "white badges," as opposed to, for example, "blue badges," which Plaintiffs allege signify "permanent employment." Gomez-Garcia Decl. ¶ 5f; Compl. ¶ 27.

18. All named Plaintiffs representing the purported class were full time, non-exempt employees . Compl. ¶¶ 35, 49, 58. *See also* Compl. of Employment Discrimination Before the State of California Dep't of Fair Employment and Housing at 2 (attached as Exhibit D to the Complaint).

Gibson, Dunn & Crutcher LLP

6

19. The average minimum wage in California during the relevant period was approximately $10.00. *See* Exhibit H to Maryott Decl. Based on that average, the weekly pay for a full time employee can be estimated at $400.00.

20. Three of the named Plaintiffs, Samille Johnson, Marie Leach and Hussam Aljawad, were over 40 years of age during their employment. The average of their weekly pay was $253.00.

21. Assuming a mere two weeks of back pay for only "white badge" holders who fall within the purported class at the average weekly pay of $253.00, the amount in controversy would be **$6,827,458** (13,493 employees x $253.00 x 2).[4] And using $400.00 per week to calculate the amount in controversy based on two weeks' back pay per putative class member over the age of 40 would exceed $10 million.

> **2. Plaintiffs' Requests for Attorneys' Fees and Punitive Damages Place Additional Amounts in Controversy, Further Exceeding the CAFA Threshold**

22. Plaintiffs also seek recovery of attorneys' fees, punitive damages, and non-economic damages. *See, e.g.*, Compl., ¶¶ 7, 113; Prayer for Relief ¶ 8.

23. Claims for attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino*, 506 F.3d at 700 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *5–6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'" (citation omitted)); *Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (finding

---

[4] This calculation excludes the other 20,947 "non-white badge" Amazon associates who were over the age of 40 and working in a California facility during the putative class period. It also excludes individuals who would fall within the putative "disability discrimination subclass" as well as the value of any benefits that may have been claimed by members of that purported class.

reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy).

24. For purposes of removal, the Ninth Circuit uses a benchmark rate of 25 percent of the potential damages as the amount of attorneys' fees, and courts may include that fee in the CAFA amount in controversy. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

25. Amazon has plausibly demonstrated by a preponderance of the evidence that the amount in controversy conservatively exceeds $5 million, but the inclusion of attorneys' fees, just to the calculation detailed above, would add another $1,706,864.50 to the amount in controversy bringing that total number to **$8,534,322.50**.

26. This Court may also consider Plaintiffs' request for punitive damages in determining the amount in controversy. *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2009 WL 481618, at *4 (C.D Cal. Feb. 23, 2009) ("In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law."). Assuming a conservative punitive damages award based upon a one to one ratio would place an additional roughly $6.8 million in controversy. *See Bayol v. Zipcar, Inc.*, No. 14–cv–02483–TEH2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (assuming "a conservative" 1:1 ratio for punitive to compensatory damages for determining whether the CAFA $5 million threshold was met (citing *Guglielmino*, 506 F.3d at 701)).

### B. Diversity of Citizenship as Defined by CAFA Exists

27. To satisfy CAFA's diversity requirement, a party need only show that minimal diversity exists—that is that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010).

28. "An individual is a citizen of the state in which he is domiciled . . . ." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of assessing diversity, courts look to the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

29. A person is "domiciled" in a location where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (internal quotation and citation omitted).

30. Plaintiffs' class allegations state, "Plaintiffs and those similarly situated are residents of California. . . ." Compl. ¶ 9. Plaintiffs also all worked at Amazon facilities in California and pleaded a desire to remain employed at those jobs in California. Compl. at *passim*. None of the named Plaintiffs has pleaded that he or she has left or intends to leave California. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

31. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Amazon is incorporated under the laws of Delaware and has its headquarters in Seattle, Washington. Gomez-Garcia Decl. ¶¶ 3–; Compl. ¶ 16. Accordingly, Amazon is a citizen of the States of Washington and Delaware for the purpose of determining diversity. 28 U.S.C. § 1332(c)(1).

32. As noted above, effective January 1, 2019, Golden State FC LLC merged with Amazon.com Services, Inc. and retained the name Amazon.com Services, Inc. Maryott Decl. ¶ 9.

33. Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant. As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Aggregate Number of Putative Class Members is 100 or Greater

34. Plaintiff asserts claims on behalf of a putative class made up of "[a]ll persons over the age of 40 and who were employed by Defendants . . . in the State of California, and who . . . worked in Defendants' joint-venture fulfillment centers," and suffered adverse employment consequences as described in the Complaint, Compl. ¶ 82, and "[a]ll persons who have or had a disabling condition and who were employed by Defendants . . . in the State of California, and who . . . worked in Defendants' joint-venture fulfillment centers in the State of California," and who suffered adverse employment consequences as described in the Complaint, Compl. ¶ 83.

35. Based on Amazon's internal records, the putative class contains more than 100 putative class members. Gomez-Garcia Decl. ¶ 5.[5]

36. The class as alleged in the Complaint therefore satisfies the number of required members for the purposes of CAFA. 28 U.S.C. § 1332(d)(5)(B).[6]

---

[5] Plaintiffs' Complaint is ambiguous as to whether the class is to include only non-exempt hourly-paid employees. Although all named Plaintiffs are non-exempt, hourly-paid, the class definition is not so restricted. *Compare* Compl. ¶¶ 35–72 *with* Compl. ¶¶ 82–83. But of course, including exempt employees would only increase both the number of Plaintiffs included in the class definition and the amount in controversy.

[6] Amazon reserves the right to supplement or provide the Court with additional briefing or information as necessary to appropriately assess CAFA's jurisdictional requirements or traditional diversity requirements with respect to the named Plaintiffs. *Kanter*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations . . . by amending its notice of removal").

### IV. ALTERNATIVELY THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER TRADITIONAL DIVERSITY JURISDICTION

37. In addition to removal under CAFA, removal is independently proper based upon traditional diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1332(a)–(a)(1). Both requirements are met here.

38. Complete diversity exists between the parties because Plaintiffs are each domiciled in California as they are residents of the State with an intent to remain as such. Section III.B, *supra*. Amazon is incorporated and organized under the laws of Delaware and maintains its principal place of business in Seattle, Washington. Gomez-Garcia Decl. ¶¶ 3–4.

### V. VENUE

39. This action was originally filed in the Superior Court for the County of Orange. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

### VI. NOTICE

40. Amazon will promptly serve this Notice of Removal on Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange, in which the action is pending, as required under 28 U.S.C. § 1446(d).

41. Pursuant 28 U.S.C. §1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as exhibits to the Maryott Declaration.

### VII. CONCLUSION

Based on the foregoing, Amazon requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Amazon

requests the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: April 15, 2019

                MICHELE L. MARYOTT
                JASON C. SCHWARTZ
                RACHEL S. BRASS
                GIBSON, DUNN & CRUTCHER LLP

By: */s/ Michele L. Maryott*
       Michele L. Maryott

Attorneys for Defendant
AMAZON.COM SERVICES, INC.

103270280.5