# EXHIBIT B

1

Jacob N. Whitehead, Esq. SBN 266123
*jacob@jnwpc.com*
Nicole Jacobsen, Esq. SBN 211672
*nicole@jnwpc.com*
WHITEHEAD EMPLOYMENT LAW
15615 Alton Pkwy, Suite 175
Irvine, CA  92618
Tel. (949) 936-4001
Fax (949) 450-1588

2

3

4

5

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/27/2019** at 12:21:35 PM

Clerk of the Superior Court
By Sarah Loose,Deputy Clerk

6

7

Attorneys for Plaintiffs, SAMILLE ROBERT JOHNSON, MARIE C. LEACH,
DARIUS BOYD, and HUSSAM ALJAWAD as individuals, and the Putative Class

8

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE – CIVIL COMPLEX CENTER**

10

11

12

13

14

15

16

17

SAMILLE R. JOHNSON; MARIE C. LEACH,
DARIUS BOYD and HUSSAM ALJAWAD as
individuals, on behalf of themselves, and on behalf
all others similarly situated,

                    Plaintiffs,

           vs.

AMAZON.COM SERVICES, INC., a Delaware
corporation; GOLDEN STATE FC LLC, a Delaware
limited liability company; and DOES 1- 50, inclusive,

18

                    Defendants

19

20

21

22

23

24

25

26

27

28

Case No.:  30-2019-01053847-CU-OE-CXC

**CLASS ACTION COMPLAINT**

1. **Disability Discrimination (Violation of Gov't Code Section 12940 et seq.)**
2. **Age Discrimination (Violation of Gov't Code Sections 12940; 12946)**
3. **Failure to Accommodate (Violation of Gov't Code Section 12940(m))**
4. **Failure to Engage in the Interactive Process (Violation of Gov't Code Section 12940 (n))**
5. **Unlawful Retaliation (Violation of Gov't Code Section 12940(h))**
6. **Wrongful Termination in Violation of Public Policy**
7. **Unlawful Business Practices (Violation of Bus. & Prof. Code §17200, et seq.)**

**JURY TRIAL DEMANDED**

Assigned: Judge Randall J. Sherman
Dept:       CX105

1

CLASS ACTION COMPLAINT

Plaintiffs, SAMILLE ROBERT JOHNSON ("Plaintiff Johnson"), MARIE C. LEACH, ("Plaintiff Leach") and DARIUS BOYD ("Plaintiff Boyd") and HUSSAM ALJAWAD ("Plaintiff Aljawad") (collectively as, "Plaintiffs"), on behalf of themselves and all others similarly situated allege as follows:

## I. INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiffs, and all employees, including but not limited to, all non-exempt employees currently or formerly employed by Amazon.com Services, Inc., a Delaware corporation and/or Golden State FC, LLC a Delaware limited liability company. The non-exempt employees employed by or formerly employed by Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2. Upon information and belief, Defendants employ and have employed individuals in positions as regular hourly-paid non-exempt employees, including positions in its fulfillment warehouse centers. Any differences in job duties or activities as between different individuals are legally insignificant to the issues present by this action.

3. Defendants have violated numerous provisions of California's Fair Employment and Housing Act (the "FEHA") including disability discrimination against an actual or perceived disability, age discrimination, failure to accommodate, failure to engage in the interactive process, as well as wrongful termination in violation of the public policy of the State of California.

4. Plaintiffs also allege that these acts, constitute predicate unlawful and unfair business practices in violation of the California Unfair Competition Laws.

5. Plaintiffs are informed and believe, and based thereon allege that Defendant currently employs, and during the relevant period has employed hundreds of employees in the State of California in hourly full time or part time, non-exempt positions.

CLASS ACTION COMPLAINT

6. The acts complained of herein occurred, occur and will occur at least in part within the time period from four (4) years preceding the filing of the Complaint, up to and through the time of trial for this matter.

7. Plaintiffs, SAMILLE JOHNSON, MARIE C. LEACH, DARIUS BOYD and HUSSAM ALJAWAD bring this action as individuals on behalf of themselves and on behalf of all others similarly situated, and seek damages as permitted by applicable law, including compensatory and punitive damages, attorneys' fees, costs and expenses to redress Defendants' discriminatory business policies, practices and/or procedures.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction over Plaintiffs' and Class Members' claims pursuant to Business and Professions Code sections 17200-17208, who also seek injunctive relief and restitution of ill-gotten benefits arising from Defendant's unlawful business acts and practices under California Business and Professions Code sections 17200-17208.

9. Venue is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Plaintiffs and those similarly situated are residents of California and worked for Defendants in Orange County and other counties in California. Defendants conduct business in Orange County and the unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within the County of Orange.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On March 30, 2018, Plaintiff Johnson timely filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued a Right-To-Sue Notice on March 30, 2018. On September 27, 2018, Marie C. Leach timely filed her complaint with the California Department of Fair Employment and Housing and the DFEH issued a Right-to-Sue-Notice on September 27, 2018. On October 1, 2018, Darius Boyd timely filed his complaint with the DFEH and the DFEH issued a Right-to-Sue Notice on October 1, 2018. On October 2, 2018 Hussam Aljawad timely filed his complaint with the DFEH and the DFEH issue a Right-to-Sue

3

CLASS ACTION COMPLAINT

1   Notice On October 1, 2018. Accordingly, Plaintiffs have each timely exhausted their administrative

2   remedies. True and correct copies of Plaintiffs' Right-to-Sue Notices are attached to this complaint:

3   for Samille Johnson as **Exhibit A,** for Marie C. Leach as **Exhibit B,** and for Darius Boyd, as **Exhibit**

4   **C,** and for Hussam Aljawad, **as Exhibit D,** respectively.

5                               **IV. THE PARTIES**

6      11. Plaintiff, SAMILLE JOHNSON was at all times relevant to this complaint an employee of

7   Defendants. He is and was at all relevant times a resident of San Bernardino County, California. He

8   was an employee working in Defendants' San Bernardino County warehouse fulfillment center

9   during the class period as a warehouse associate from March 1, 2017 to April 22, 2017. He will

10  serve as an adequate, typical and active participant and class representative for the proposed Class.

11     12. Plaintiff, MARIE C. LEACH was at all times relevant to this complaint an employee of

12  Defendants. She is an was at all relevant times a resident of Orange County, California. She was an

13  employee working in Defendants' Irvine, California warehouse fulfillment center during the class

14  period from November 21, 2017 to December 1, 2017. She will serve as an adequate, typical and

15  active participant and class representative for the proposed Class.

16     13. Plaintiff, DARIUS BOYD was at all times relevant to this complaint a resident of Riverside

17  County, California. He was an employee working as a warehouse associate in Defendants' Eastvale,

18  California warehouse fulfillment center in the County of Riverside, during the class period from May

19  3, 2018 to August 29, 2018. He will serve as an adequate, typical and active participant and class

20  representative for the proposed Class.

21     14. Plaintiff, HUSSAM ALJAWAD was at all times relevant to this complaint an employee of

22  Defendants. He was at all relevant times a resident of Orange County, California. He was an

23  employee working in Defendants' Irvine, California warehouse fulfillment center during the class

24  period from September 29, 2017 to October 5, 2017. He will serve as an adequate, typical and active

25  participant and class representative for the proposed Class.

26

27

28  _____ 4 _____

                         CLASS ACTION COMPLAINT

15. The Class Members were or are employed by Defendants as regular, non-exempt hourly employees during the Class Period and both worked and lived in the State of California.

16. Defendant, Amazon.com Services, Inc. was a corporation organized under the laws of Delaware, and qualified to conduct business in the State of California, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington, 98109.

17. Defendant Amazon.com Services, Inc. maintains an online ecommerce storefront and is engaged in the provision of retail sales and distribution of consumer merchandise goods and services of merchant partners, throughout the United States and in many parts of Europe.

18. Defendant, Golden State FC, LLC is a limited liability company organized under the laws of Delaware and qualified to conduct business in the State of California, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

19. Defendant, Golden State FC, LLC operates the inventory warehouse and fulfillment / shipping centers, and in joint venture with Defendant, Amazon.com, Services, Inc. manages Amazon's fulfillment and distribution services and out of which fulfillment and shipping centers, Plaintiffs and thousands of employees are or were formerly employed, picking, sorting, packing and shipping Amazon.com retail sales products.

20. Defendant, Amazon.com Services, Inc. handles the management of all business functions of Amazon.com, including, but not limited to procurement, marketing, and managing the supply chain infrastructure of its global ecommerce sales. Accordingly, upon information and belief, and thereupon Plaintiffs allege that Defendant Golden State FC, LLC is an agent in fact for Defendant, Amazon.com Services, Inc. and that Defendants are jointly and vicariously liable for the wrongful conduct alleged herein.

21. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

<center>5</center>

<center>CLASS ACTION COMPLAINT</center>

1    22. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants

2    designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

3    herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and

4    capacities of the Defendants designated hereinafter as DOES when such identities become known.

5    23. Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all

6    respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

7    business plan or policy in all respects pertinent hereto. In doing the things alleged herein, each and

8    every Defendant was acting within the course and scope of this agency relationship and was acting

9    with the consent, permission and authorization of each of the remaining Defendants.  All actions of

10   each defendant alleged in the causes of action (into which this paragraph is incorporated by

11   reference) were ratified and approved by the officers or managing agents of each of the other

12   Defendants.

13   24. Plaintiffs are informed and believe that at all times herein mentioned, each of the Defendants,

14   including the fictitious Doe Defendants, was the representative, agent and/or employee of each of the

15   remaining Defendants and in doing the things mentioned herein was acting with the consent, permission

16   and authorization of each of the remaining Defendants. All actions of each alleged in the causes of

17   action (into which this paragraph is incorporated by reference) were ratified and approved by the

18   officers or managing agents of every other.

19   25. The amount in controversy is in excess of the minimum jurisdiction of this court.

20                          **V.  FACTUAL BACKGROUND**

21   26. Plaintiffs bring this action on behalf of all persons who either were employed by Defendants

22   in California (the "Class") and who were subject to the same or similar illegal policies and practices

23   as set forth herein during the Class Period.

24   27.  During the Class Period, most of the employees who are/were hired by defendant begin as

25   temporary, part time or seasonal workers.  They begin with a white badge, designating them as such

26   and the goal and objective of these new employees is to earn a blue badge, signifying permanent

27

28   _____ 6 _____

CLASS ACTION COMPLAINT

employment.   However, because of Defendants' various operational policies and practices alleged herein,  injured or disabled workers are prohibited from achieving the coveted blue badge permanent employment status.  The net effect of Defendants' policies and practices insure that only employees who are demonstrably strong, fit, who are not injured and not disabled and able to maintain Defendants' demanding production quotas, and who don't accrue "points" as described herein, are able to obtain a blue badge and permanent employment.  Thus, the Plaintiffs and Class Members were/are consistently denied the same conditions and benefits and opportunities of employment as those employees who are not injured or who do not suffer from disabling medical condition or impairment.

28. During the Class Period Defendants maintained a "points" policy.  Unless or until an employee has accrued their statutorily-entitled sick leave, pursuant to the "points" policy, other than a one-time medical allowance waiver to keep a medical appointment, employees who are late or who miss work are given a half point or a whole point.  Depending on how long or how much work is missed, the points are accorded on a sliding scale.  At the point an employee accrues their maximum allowable six points for missed hours or days of work, they are terminated.

29. Further, Defendants frequently fail to accommodate employees who are injured and on medical leave because of light duty restrictions by their doctors, and due to the aforementioned points system are frequently and wrongfully terminated.  They are very frequently terminated because the personnel who are employed by Defendants and whose duties it is to process and track work-related injury documentation, workers compensation claims, medical status reports and related leaves of absence *chronically* forget, delay, or fail, and otherwise, altogether *untimely fail to properly "code" the employees medical leave status* in the computer system.  When an employee is not correctly coded in the system, they continue to be wrongly accorded points pursuant to Defendants' point policy described supra.  Defendants' personnel who track the points are often unaware of any work-related injury or workers compensation claim.  Thus, based upon the improper, failed and/or delayed updating of proper coding in the system, such personnel issue points for missed hours and days of

7

1   work which quickly add up. When they reach the six points for missed hours or days of work, the

2   employee who is on medical leave, is then processed for termination, simply because the employee

3   has not been properly coded.  Defendants are highly aware that is occurring within their system and

4   in their operations. Yet they place performance and production metrics above all other focus, and in

5   so doing, perpetuate and facilitate many, many wrongful terminations of its injured employees.

6       30.  The chronic miscoding in the computer system is not as inadvertent as it first appears.  When

7   viewed on a systemic and chronic basis, it is obvious that these miscoding "errors," and "delays"

8   week over week, month over month, and year over year, resultantly and quite naturally, "thins the

9   herd" of Defendants' injured and disabled workers.

10      31.  Further fostering the discrimination and wrongful termination of their employees who suffer

11  work-related injuries, is Defendants' reporting system for their department managers.  Because of the

12  extreme focus on the Amazon brand and its notoriously market-driven production metrics, managers

13  and supervisors don't want injured employees on their teams, who are on a medical leave that will

14  consequently affect their daily, weekly and monthly production reports.  Because of these various

15  policies of Defendants, it fosters a naturally, discriminatory attitude and creates incentive and a

16  motive in managers and supervisors to rid themselves  - whenever and however possible of such

17  injured or disabled employees.  Thus, managers and supervisors engage in practices, as alleged and

18  described further herein, to insure and fast-track the injured or disabled employees' path to

19  termination as well, which terminations were/are often documented as a "performance issue" for

20  failure to meet quotas and production metrics.

21      32. Therefore upon such information and belief, Plaintiffs' allege, Defendants have and continue

22  to violate the law by intentionally discriminating by and through their maintenance and manipulation

23  of policies, procedures and practices that chronically, systemically, and on an operational-whole-

24  basis work to such blatant detriment of its injured and disabled employees' and their legally-protected

25  rights to be accommodated and keep their jobs.

26

27

28

_____ 8 _____

CLASS ACTION COMPLAINT

33.  Any differences in job activities between Plaintiffs and the Class Members they seek to represent were and are legally insignificant to the issues presented by this action.  The same policies, procedures, practices, trainings, manuals, and compensation plan were distributed to the Plaintiffs and each of the Class Members they seek to represent.  As such, the policies, practices and procedures were and are uniformly applied to the entire Class, which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law, for Plaintiffs and each of the members of the Class Members they seek to represent during the Class Period.

34. Plaintiffs further allege, upon knowledge as to themselves, and otherwise upon information and belief, as follows:

**Plaintiff, Samille R. Johnson's Experience Working at Defendants' Joint-Venture Fulfillment Center**

35.  Plaintiff, SAMILLE JOHNSON was a 52-year-old male hired by Defendants' on March 1, 2017 and was employed as a full time, non-exempt employee as a warehouse packing associate at Defendants' joint-venture fulfillment center in San Bernardino, California.

36. Plaintiff Johnson has medical disabilities (anxiety disorder, duodenitis, essential hypertension, a left posterior subcapsular cataract, and hyperlipidemia) which he revealed on his employment application.  Defendants were thus aware of his disability.

37. During orientation, Plaintiff Johnson was advised by orientation management that his identity could not be verified through eVerify. Plaintiff duly presented his California driver's license and social security card identification so that they could verify his identity. When the orientation manager returned with his ID, they said, "Okay, we know who you are," and handed Plaintiff Johnson a document to sign that listed the "Sedgwick Claims Management" as Defendants' workers compensation claims administrator.  In 2013, Plaintiff had filed a workers compensation claim through Sedgwick while working for a former employer.  On information and belief, and thereupon Plaintiff Johnson alleges that while verifying his identity, Defendants' discovered Plaintiff Johnson's

9

previously-filed workers' compensation claim on record with Sedgwick.

38.  Moreover, on information and belief and thereupon Plaintiff further alleges that while they were verifying his identity, Defendants also discovered that Plaintiff Johnson had previously worked at the exact same fulfillment facility in San Bernardino where he was now working, but that he had previously been placed at the fulfillment facility through SMX Staffing Management agency.

39.  Thereafter, within days of his hire, in an early bid to rid themselves of Plaintiff, Plaintiff was brought to Human Resources and threatened with termination for being absent four days in a row. However, Plaintiff Johnson had *not* been absent and respectfully said so.  He was sent back to his supervisor Nathan Jenkins who checked the Employee Badge Terminal (which is utilized by employees to gain access to the facility) and it was confirmed that Plaintiff Johnson was always on time and had never been absent a single day.

40. At the fulfillment center, Defendants keep track of employee performance utilizing computer software that tracks each employee's package production.  The software is frequently known to be clunky and inaccurate and is capable of being manipulated by management at will for corrections, errors, equipment malfunctions or any other problems that may occur on the packing lines.

41.  Two weeks after Plaintiff Johnson's hire date, on or about March 15, 2017, his immediate supervisor, Nathan Jenkins gave him a write up, stating "associate needs to speed up when scanning items."  The target production quota was to package and scan at least 170 packages per hour. Plaintiff Johnson told Mr. Jenkins that he had various medical disabilities that prevented him from packing and scanning as fast as younger associates, but that he was working as hard and fast as he possibly could. Mr. Jenkins acknowledged that he was aware of Plaintiff Johnson's medical disabilities as he noted it on the "Re-Train Results Form" he issued.

42.  Defendants assigned Plaintiff to be "re-trained" with Mr. Barrazat who was to observe Plaintiff Johnson's packaging techniques and provide him with tips on how to speed up his production.  On April 5, 2017, Plaintiff Johnson was provided with another write up for not "speeding up the process."  Plaintiff Johnson also explained to his trainer, Mr. Barrazat, that he had

10

CLASS ACTION COMPLAINT

1    medical disabilities and assured him that he was working as fast as he could.  Defendants approached

2    Plaintiff Johnson's disability as a "training issue," foregoing any reasonable discussion or

3    consideration to a reasonable accommodation, such as a reasonable adjustment to his production rate

4    quota.

5        43. Shortly thereafter, Plaintiff Johnson's immediate supervisor, Nathan Jenkins approached him

6    and stated, "You should quit in order to be eligible for rehire," hinting that Plaintiff Johnson was

7    slated to be soon terminated.

8        44.  There were other positions available (e.g. restocking pack lines, replenishing boxes and tape

9    for the tape machines) that Plaintiff could have worked and with such a reasonable accommodation,

10   he could have performed the essential duties of his job.  Instead, Plaintiff Johnson was the assigned to

11   binning, whereby an employee is required to place items into chutes for the line packers to pick,

12   *which required an even greater production rate* of 200 plus items per hour.

13   45. On April 12, 2017, Plaintiff Johnson was written up a third time for "low production rates."

14   Plaintiff Johnson spoke with another supervisor, Ryan, and was told "you have never hit your rates

15   and you will be terminated on next contact."  Plaintiff Johnson had in fact hit the required production

16   rates multiple times and had documented proof, which he showed his supervisor, Ryan, according to

17   Golden State FC's posted Rate Progress Sheets, displayed on a bulletin board three times each day

18   for all employees to view.

19   46.  Nevertheless, Plaintiff Johnson diligently attempted to work faster and injured his right hand

20   and forearm as a result.  Plaintiff reported the injury to the employer plant hospital and asked for

21   some ice to relieve the swelling.   He was told that unless he first filed a workers compensation claim

22   no ice could be administered.  Plaintiff Johnson did not want to file a workers compensation claim.

23   He only wanted ice, so he returned to work, despite the painful swelling.

24   47. Plaintiff Johnson was thereafter approached by Oggy, a supervisory assistant, who said to

25   Plaintiff Johnson, "You're always busy and working, so why are your production rates low?"  Mr.

26   Johnson also informed Oggy of his medical disabilities, to which Oggy responded, *"You should stop*

27

28   —————————————— 11 ——————————————

CLASS ACTION COMPLAINT

*taking your medications and your rates will improve."* Plaintiff Johnson's medications did not affect his work performance and he informed Oggy that he could not just simply stop taking his medications. Clearly, Plaintiff Johnson was an otherwise qualified individual with a disability, who was capable of performing his duties with reasonable accommodation.

48. Approximately one week after he injured his hand, Plaintiff Johnson reported to work wearing a medical brace on his injured right hand in the hopes that it would stabilize his thumb arm and hand as he attempted to work faster. Two hours later, he was brought by his supervisor, Ryan to Human Resources and terminated.

**Plaintiff, Marie C. Leach's Experience Working at Defendants' Joint-Venture Fulfillment Center**

49. Plaintiff, Marie C. Leach was a 68-year-old, full-time, non-exempt, seasonal employee working as a Warehouse Picker Associate at Defendants' joint-venture fulfillment center in Irvine, California.

50. Ms. Leach was employed from November 21, 2017 until her termination on December 1, 2017.

51. On December 1, 2017, Ms. Leach was working in a narrow aisle unloading bags of merchandise from her cart and putting them on shelves, when another associate passed by with a fully loaded cart, knocking his cart into hers. When he did so, a large heavy bag full of merchandise on the top of her cart, toppled down, hitting her on the head, bounced down, hitting her on her neck and shoulders.

52. Ms. Leach immediately advised her supervisor of the accident injury. A workers compensation claim was filed and Ms. Leach was sent to see a doctor. An MRI confirmed that she had sustained a torn tendon in her right shoulder. She was released by her doctor to return to work with a work restriction of lifting no more than 15 pounds and no overhead lifting.

53. When Ms. Leach presented her doctor's note to her supervisor, her supervisor told her that they could not accommodate her, but offered no other alternatives.

12

CLASS ACTION COMPLAINT

54. Ms. Leach asked if she could work as an associate in sorting, as this was the position for which she was supposed to have been originally hired, and the duties associated with sorting were tasks she would have been able to perform, even with her injuries.  She was also declined this request for accommodation.

55. That same day, Ms. Leach applied for another position as a flex dispatch (traffic director in the warehouse) as she had prior experience in that capacity, but she was also declined by Defendants for that position.

56. At no time did Defendants' supervisors, managers or HR personnel discuss any kind of reasonable accommodation with Ms. Leach, nor did they bother to engage in the interactive process. They simply denied her requests for accommodation, barred her from applying for another position and effectively barred her from returning to work.

57. Unquestionably,  Ms. Leach's termination was motivated by the fact that she was an older employee (68 years old) who had suffered an injury, who filed a workers compensation claim as a result of her injury and who was now perceived as disabled, and who, because of her age and disability was unable to work as fast as her younger, non-disabled counterparts and because she had requested an accommodation.

**Plaintiff, Darius Boyd's Experience Working at Defendants' Joint-Venture Fulfillment Center**

58. Plaintiff, Darius Boyd, was a full-time, non-exempt, employee working as a Warehouse Associate at Respondent Amazon, Inc.'s and Respondent Golden State FC, LLC's joint-venture fulfillment center located at 5250 Goodman Road, Eastvale, California 91752 in the County of Riverside.  The Eastvale, California facility is dedicated to picking and packing larger packages and containers for shipping.

59. Mr. Boyd was employed from May 3, 2018 to August 29, 2018.

60. On July 14, Mr. Boyd injured his back at work lifting heavy boxes.  Because he was not able to obtain an appointment to see a doctor until October 15, 2018, Defendants told him he could sit in their on-premises medical infirmary stretching and icing his back.

13

CLASS ACTION COMPLAINT

61. After fourteen days, Defendants told Mr. Boyd he had to be able to return to his normal work duties without any more icing and stretching. Even though he had not yet seen his doctor and remained in a great deal of pain, Defendants told him that he must return to work regardless of his pain from his work-related injury.

62. Mr. Boyd returned to his duties and worked to the very best of his abilities, but there were days when his pain was so severe that it was completely disabling. On such occasions, he sometimes could only make it through a half a day of work and then needed to go home to ice his back and rest. By forcing Mr. Boyd to return to his normal duties without any accommodation, it was plain to anyone, including Defendants that he was daily re-injuring himself. On other days, (a total of five, altogether) he missed work entirely because the pain in his back, neck, and shoulders was too excruciating to work.

63. Throughout the post-July 14, 2018, date of injury, Mr. Boyd kept trying to cooperatively work through the pain while waiting to see the doctor. However, other than offering him ice in their on-premises medical facility for two weeks, Defendants did nothing in the way of offering him an accommodation. In fact, fourteen days later, when the pain was clearly unabated, they told him he had to go back and resume his normal duties and no more icing and stretching.

64. On August 29, 2018, Defendants terminated Mr. Boyd. They told him that he had too many points as he had taken too many days off, even though Defendants were completely aware that he had been injured and was not able to get an appointment to even see a doctor until October 15, 2018. They were also aware that he had not yet had the chance to file his workers compensation claim and no one bothered to assist him in opening or reporting his claim.

65. Because Mr. Boyd, became injured he was clearly perceived by Defendants as disabled. Rather than engage in the interactive process to determine further reasonable accommodations, including allowing him additional time off as necessary or allowing him to continue icing and stretching to try and manage the pain until he could get in to see the doctor, in retaliation and discrimination, they simply terminated him.

14

CLASS ACTION COMPLAINT

**Plaintiff, Hussam Aljawad's Experience Working at Defendants' Joint-Venture Fulfillment Center**

66. Plaintiff, Hussam Aljawad was a fifty-four (54) year-old, non-exempt, hourly employee working as a Warehouse Associate at Defendants' joint-venture fulfillment/sortation center located at 17871 Von Karman Avenue, Irvine, California 92614.

67. Plaintiff Hussam Aljawad was employed from September 29, 2017 to October 5, 2017 sorting packages in the warehouse to make sure they were routed to their proper destination.

68. Every day, there were about sixty (60) diesel trucks in the warehouse starting and running their engines every morning. When their engines were running, the diesel trucks filled the air inside the warehouse with thick, toxic fumes and diesel exhaust particles which, when inhaled by Plaintiff Aljawad, severely affected his breathing and made him sick. Because of the noxious, concentrated diesel fumes and exhaust being expelled by the trucks into the confines of the warehouse, Mr. Aljawad was daily ingesting the black diesel particles which burned his throat and gave him severe headaches. Each day black diesel particles accumulated in and blackened the inside of his nostrils and black diesel soot and ash were all over his face and his clothing.

69. Early in the morning of October 5, 2017, Plaintiff Aljawad complained to his manager Alexus Curtis that he was having extreme difficulty breathing and he told her that he had been sick every day because of the diesel fumes and exhaust from the trucks in the warehouse. His manager instructed him to go and speak with the Human Resources ("HR") representative on duty.

70. Plaintiff Aljawad went to HR and speaking with Cindy Quach, complained about how the diesel fumes and exhaust in the warehouse had impacted his ability to breathe and were making him sick. Ms. Quach warned him that if he could not tolerate the working conditions and began to call in sick because of the air quality in the warehouse, he would accumulate "points" and would be fired, if he acquired too many points, whereupon Ms. Quach handed Mr. Aljawad a form and insisted that he sign it. It was a resignation form. Ms. Quach made it very clear to Mr. Aljawad that signing the form

15

was not a choice; it was an instruction.   He was being terminated because he complained that he
could not tolerate the air conditions in the warehouse because he was having breathing problems.
Mr. Aljawad signed the form and handed it back to her.

71.   The time of Mr. Aljawad's termination on October 5 , 2017 was approximately six a.m.
That was the totality of their conversation.   At no time, did Ms. Quach, nor his supervisors or
managers offer any suggestions or discuss any kind of accommodation that would have helped
alleviate his breathing problem, such as transferring him or assigning him different duties in another
location away from the diesel fumes and exhaust.   There was no good faith effort made by anyone to
engage Plaintiff Aljawad in the interactive process.   Instead Mr. Aljawad was forced to resign
because he had complained.   He was 53 years old at the time of his termination.   Ms. Quach did not
offer Mr. Aljawad a workers compensation claim form to fill out when he met with her.

72.   The following day Mr. Aljawad contacted HR and requested a workers compensation claim
form which was then provided.

**Other Similarly Situated, Injured or Disabled Employees and/or Employees over the Age of 40**
**Share Plaintiffs' Common Experiences**

73. Other employees at Defendants' joint-venture fulfillment centers in California have
experienced the same pattern and practice of age and disability discrimination.

74. After Plaintiff Johnson was escorted out of the facility the day he was terminated, a co-worker
telephoned him and said that the supervisor Ryan had also approached him and had similarly
harassed him about a work-related injury he had sustained.

75. Relying on its computerized software to track employees' production rates, Defendants' have
terminated and have continued to terminate older or disabled employees to whom the software
attributes low production rates, regardless of whether such employees suffer from a known injury or
disability.

76. Defendants' Managements' ability to manually manipulate the software data the "low
production" rate can be artificially and discriminately manipulated to weed out older or disabled

CLASS ACTION COMPLAINT

1  employees.

2  77. Unfortunately, even when employees advise or have formerly advised Defendants of their

3  disabilities, Defendants remain heedless and such disabled employees were or are fired rather than

4  accommodated because of their slower production rates.

5  78. With reasonable accommodation, these otherwise qualified individuals with disabilities are

6  and/or were able to perform the essential duties of their jobs with reasonable accommodation.

7  Despite their awareness of their employees' disabilities, Defendants' as a policy, pattern and practice

8  systemically refuse to accommodate its injured or disabled workers.

9  79. This behavior is in line with Defendants' managers and supervisors who ignored Plaintiff

10  Johnson's application on which he disclosed his medical disability and supervisors who repeatedly

11  shrugged off his explanation of his medical disabilities, going so far as to suggest he should just stop

12  taking his medication. Plaintiff Johnson was 52 years old. With Plaintiff, Leach, who was 68 years of

13  age at the time she was injured at work, she was flatly refused a requested accommodation or

14  consideration for any other duties or position, even denying her application for a position with duties

15  she could have performed.  For Plaintiff Boyd, before he was even able to file his workers

16  compensation claim and be seen by a doctor and begin treatment for his work-related back injury,

17  they terminated him because he asked for and needed an accommodation. For Plaintiff Aljawad, he

18  was an older, 53 year-old employee who was forced to involuntarily resign because he dared to

19  complain to his manager and HR about a breathing problem.

20  80. As a result of the foregoing procedures, policies and actions, Defendants are intentionally and

21  callously cultivating an unlawful environment of disability and age discrimination.

22  **VI.  CLASS ALLEGATIONS**

23  81. Each of the following allegations pertain and apply to Plaintiffs and the Class equally

24  throughout all or a substantial part of the Class Period.  Defendants engaged in and enforced the

25  following additional unlawful practices and policies against Plaintiffs and the Class Members they

26  seek to represent:

27

28

_____ 17 _____

CLASS ACTION COMPLAINT

82.  Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure Section 382. Plaintiffs seek to represent on behalf of themselves and a portion of the class composed of and defined as the Age Discrimination Subclass as follows under California Labor Code Section 203 (a):

> "All persons over the age of 40 and who were employed by Defendants, AMAZON.COM SERVICES, INC. and GOLDEN STATE FC, LLC in the State of California, and who at any time within four (4) years of the filing of this Complaint worked in Defendants' joint-venture fulfillment centers in the State of California and who, because of their age suffered adverse employment actions, including but not limited to discrimination in terms and conditions of their employment and termination."

83.    The Plaintiffs also brings certain of the claims, identified on behalf of themselves and a portion of the Class described as the Disability Discrimination Subclass as follows:

> "All persons who have or had a disabling condition and who were employed by Defendants, AMAZON.COM SERVICES, INC. and GOLDEN STATE FC, LLC in the State of California, and who at any time within four (4) years of the filing of this Complaint worked in Defendants' joint-venture fulfillment centers in the State of California and who because of a work related injury and/or a disabling condition suffered an adverse employment action, including but not limited to one or more of the following actions: accrual of points for missing work due to a work-related injury, which accrual of points led to discharge for accruing too many points; forced resignation, discrimination in terms and conditions of their employment; prohibited from and/or deemed ineligible to earn a permanent blue badge status after sustaining a work related injury or because of a disabling condition; retaliation after filing a workers compensation claim or request for accommodation; and/or termination."

84. Plaintiffs reserve the right under Rule 3.764, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

CLASS ACTION COMPLAINT

1       85. This action has been brought and may properly be maintained as a class action

2   under the provisions of section 382 of the California Code of Civil Procedure

3   because there is a well-defined community of interest in the litigation and the proposed Class

4   Members are easily ascertainable.

5       86. <u>Numerosity:</u>  Plaintiffs are informed and believe and based on such information and belief

6   allege that the potential members of the Class as defined are so numerous that joinder of all the

7   members of the Class is impracticable.  The exact number of the members of the class is presently

8   unknown to Plaintiffs, but upon information and belief, Plaintiffs allege that the exact number and

9   specific identities of the members of the Class may be readily ascertained through inspection of

10  Defendants' business records, but it is estimated that there are in excess of 100 Class Members.

11      87. <u>Commonality:</u> There are questions of law and fact common to the Plaintiffs and to the

12  Class that predominate over any questions affecting only individual members of the Class.  These

13  common questions of law and fact include, inter alia:

14          a.)  Whether Defendants' policy and practices of its human resources and management

15              personnel including 1.) failure to train and implement anti-discrimination policies; 2.)

16              failure to maintain or implement policies and procedural practices when it becomes

17              known that an employee is or becomes disabled or is perceived as disabled; 3.) and

18              Defendants' utilization of a software production tracking system used to discriminate

19              against employees who are disabled, constitute unlawful discrimination under FEHA;

20          b.)  Whether Defendants' policy and practices of discriminating against employees who are

21              older than the age of 40, constitutes unlawful age discrimination under FEHA

22          c.)  Whether Defendants' policy and practice of failing to accommodate disabled

23              employees, who with reasonable accommodation could otherwise perform the essential

24              duties of their job, violates the FEHA;

25          d.)  Whether Defendants' policy and practice of weeding out and terminating employees

26              when it is discovered that they have filed workers compensation claims because they

27

28  _____ 19 _____

<center>CLASS ACTION COMPLAINT</center>

1    are deemed or perceived as disabled is an unlawful retaliation and violation of

2    California's Labor Code Statutes and the FEHA;

3    e.) Whether Defendants' policy and practice of terminating a disabled employee or an

4    employee who becomes injured at work without first engaging in the good faith

5    interactive process violates the FEHA.

6    f.) Whether such terminations described in paragraph 50, subsection e.) supra, constitute

7    wrongful termination in violation of the public policy of California.

8    g.) Whether Defendants violated Business and Professions Code Sections 17200 *et. seq.* of

9    and whether such violations constitute a violation of fundamental public policy; and

10    h.) Whether Plaintiffs and Class Members are entitled to equitable relief pursuant to

11    Business and Professions Code sections 17200, *et. seq.*

12    88. Typicality: Plaintiffs' claims are typical of the claims of the Class. Defendants' common

13    course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to

14    sustain the same or similar injuries and damages. Thus, the relief sought by Plaintiffs are

15    representative of and typical of the relief sought on behalf of the proposed Class.

16    89. Adequacy of Representation: Plaintiffs are members of the Class and do not have any

17    conflicts of interest with other Class Members. Plaintiffs will prosecute the case vigorously on

18    behalf of the Class. Plaintiffs have engaged Counsel who is competent and experienced in litigating

19    employment class actions. Plaintiffs will fairly and adequately protect the interest of Class

20    Members.

21    90. Superiority of Class Action: The nature of this action and the nature of the laws available to

22    Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure

23    to afford relief to Plaintiffs and the members of the Class and Subclasses for the wrongs alleged herein,

24    for the following reasons:

25    a.) The State of California, for which there is a named representative, has a public policy

26    which encourages the use of the class action device.

27

28    _____ 20 _____

CLASS ACTION COMPLAINT

b.) By establishing a technique whereby, the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation.

c.) This case involves large corporate Defendants and a large number of individual Class Members with many relatively small claims and common issues of law and fact.

d.) If each individual member of the Class was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Class with Defendants' vastly superior financial and legal resources.

e.) Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

f.) Proof of a common policy and practice or factual pattern, of which the members of the Class experienced, is representative of the Class herein and will establish the right of each of the members of the Class to recover on the causes of action alleged herein.

g.) Absent class treatment, the prosecution of separate actions by the individual members of the Class, even if possible, would likely create:

  i)   a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

  ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

21

CLASS ACTION COMPLAINT

iii)    inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants;

iv)    potentially incompatible standards of conduct for Defendants; and

v)    potentially incompatible legal determinations with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Class to protect their interests.

h.) The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attendant thereto.

i.) Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions.

j.) Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

91. <u>Manageability of Class and Common Proof</u>: The nature of this action and the nature of laws available to Plaintiffs make use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiffs and members of the Class for the wrongs alleged herein. Specifically, liability will turn on Defendants' own uniform, systematic practices of disability and age discrimination, failing to accommodate disabled employees, failing to engage in the interactive process and wrongfully terminating such employees in violation of California law during the Class Period. Therefore, the violations are predominant questions of fact that are easily capable of being determined through manageable devices of common proof, such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and common practices/procedures of Defendants in treating each of the members of the Class as a homogeneous

22

CLASS ACTION COMPLAINT

group.  Once the predominant issues are determined, then each of the derivative subclass claims and damages suffered by each member of the Class will be capable of being shown by several means of common proof, and limited by individual showings of entitlement to recovery that can be professionally administered and tailored to the facts and circumstances of the case.

92. Class certification of the First through the Seventh causes of action is appropriate under Cal. Civ. Proc. Code § 382 because questions of law and fact common to the Class and Subclasses predominate over any questions affecting only individual members of the Class and Subclasses of this litigation.  Defendants' policies and practices unlawfully treated members of the Class and Subclasses in a uniform fashion.  The damages suffered by individual members of the Class and Subclasses are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

93. Class certification of the First through Seventh causes of action is also appropriate pursuant to Cal. Civ. Proc. Code § 382 because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory relief with respect to the Class and any subsequently defined Subclasses as a whole.

94. Plaintiffs intend to send notice to all members of the Class and Subclasses to the extent required by law and each will be given an opportunity to opt out of the proceedings.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DISABILTY DISCRIMINATION
### In Violation of Gov't Code § 12940 (a)
### (As to Defendants, and Does 1 through 50, inclusive)

95. Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

96. At all times hereto, California Government Code § 12940 et seq., (the FEHA) was in full force and effect and were binding upon Defendants, and each of them.

23

CLASS ACTION COMPLAINT

1    97. The FEHA provides that it is unlawful for an employer to discriminate against an employee in

2    the terms and conditions of employment because of a disability.  It requires employees to refrain from:

3            (a)  discriminating against any employee because of his/her actual or perceived disability; or

4            (b)  wrongfully terminating any employee based upon that employee's disability; and/or

5            (c)  failing to return an employee back to work after a medical leave of absence.

6    98. Plaintiffs and the Class Members were actually disabled or perceived as disabled and are thus

7    members of a protected class.

8    99. FEHA defines "employer" broadly to encompass "any person regularly employing five or more

9    persons, or any person acting as an agent of an employer, directly or indirectly." (California Gov't

10   Code Section 12926(d).  Here Defendants were employers of Plaintiffs and the Class Members as

11   defined by FEHA because they regularly employed five or more persons.

12   100. As set forth above, Defendants violated the FEHA and the public policy of the State of

13   California which is embodied in the FEHA by discriminating against Plaintiffs because of his disability

14   or perceived disability.

15   101.  The above-stated acts of Defendant constitute violations of the FEHA and violations of the

16   public policy of the State of California.  Such violations were a direct, legal and proximate result of the

17   discrimination causing Plaintiffs' and the proposed Class Members' damages, including emotional

18   distress, lost wages and other economic damages in an amount to be proven at trial.

19   102.  Plaintiffs and the Class were at all times subject to California's laws and regulations

20   protecting the employees' entitlement to be paid and presumption to be paid all wages earned for labor

21   performed, including an hourly wage for each and every hour worked.

22   103. By reason of the conduct of Defendants, Plaintiffs have necessarily retained attorneys to

23   prosecute the action on behalf of himself and the proposed Class Members.  Pursuant to California

24   Government Code Section 12965 (b), as a result of Defendants' discrimination, Plaintiffs and the

25   class are entitled to recover damages for economic harm, and emotional distress, attorneys' fees,

26   costs and expert witness fees.

27

28

---

24

CLASS ACTION COMPLAINT

1    104. Plaintiffs and the class are also entitled to attorneys' fees pursuant to California Code of Civil

2    Procedure Section 1021.5.

3    105. Defendants' actions were ratified by managing agents and were willful, malicious, fraudulent

4    and oppressive and were committed with wrongful intent to harm Plaintiffs and the Class Members in

5    conscious disregard of their rights.  Plaintiffs and the Class Members are therefore entitled to recover

6    punitive damages from defendants in an amount according to proof at trial.

7                                 **SECOND CAUSE OF ACTION**
                                        **AGE DISCRIMINATON**
8              **In Violation of Gov't Code Section 12940 and 12946**
9                      **(Against Defendants and Does 1-50, Inclusive)**

10   106. Plaintiffs reallege each and every allegation contained in this Complaint and incorporate

11   the same as though set forth in full herein.

12   107. At all times hereto, California Government Code § 12940 et seq., ("FEHA) was in full

13   force and effect and was binding upon Defendants.

14   108. The FEHA requires Defendants to refrain from:

15         (a) discriminating against any employee because of his/her age (over 40):

16         (b) retaliating against an employee for protected class such as age (over 40); and

17         (c) wrongfully terminating any employee based upon that employee's age (over 40).

18   109. On information and belief Defendants fired Plaintiffs due to their age based on the

19   following. At the time of Plaintiff Johnson's termination, he was fifty-two years old.  At the time

20   of Plaintiff Leach's termination she was 68 years old.   At the time of Plaintiff Aljawad's

21   termination he was 53 years old.  Defendants terminated Plaintiffs, which is an adverse

22   employment action.  At the time of Plaintiffs' terminations, each of them was satisfactorily

23   performing their job duties and meeting rates (or with reasonable accommodations that were

24   requested could have performed the essential duties of their jobs) but each was terminated.

25   Defendants did not terminate or take same or similar adverse employment actions against

26   Plaintiffs' younger associates who were performing same or similar work, under same and

27

28   _____ 25 _____

                              CLASS ACTION COMPLAINT

1  similar conditions, even when such younger employee's production rates were also considered
2  low.

3      110. Defendants violated the FEHA and the public policy of the State of California which is
4  embodied in the FEHA by discriminating against Plaintiffs and similarly situated Class Members
5  who were over the age of 40 because of their age and by wrongfully terminating Plaintiffs and
6  Class Members from employment due to their age.

7      111. The above-stated acts of Defendants constitute violations of the FEHA, and therefore
8  violations of the public policy of the State of California.  Such violations were a legal, direct and
9  proximate cause of Plaintiffs and the Class Members damages as stated below.

10      112. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Class
11  Members have suffered economic damages in an amount to be proven at trial, which include but
12  are not limited to back pay and front pay.

13      113. As a further direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and
14  the Class Members have suffered emotional distress, emotional pain, suffering, inconvenience,
15  mental anguish and other non-pecuniary losses.

16      114. Defendants' actions, listed above, were done with malice, fraud and/or oppression, and
17  in reckless disregard of Plaintiffs' and the Class Members' rights with the intent, design, and
18  purpose of injuring Plaintiffs and the Class Members.

19      115. Defendants, through their officers, managing agents, and/or supervisors, authorized,
20  condoned and/or ratified the unlawful conduct listed above.  Accordingly, Plaintiffs and the
21  Class Members are entitled to recover and seek punitive damages.

22      116. Pursuant to California Government Code § 12965(b), Plaintiffs and the Class Members
23  request a reasonable award of attorneys' fees and costs. Plaintiffs and the class are also entitled
24  to attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5

25
26  /
   //
27  ///

28

                                26

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE**
**In Violation of Gov't Code Section 12940(m)**
**(Against Defendants and Does 1-50, Inclusive)**

117. Plaintiffs, on their own behalf and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

118. At all times hereto, California Government Code § 12940 (m) was in full force and effect and was binding upon Defendants.

119. When a disability becomes known to an employer, the FEHA requires employers to engage employees in the interactive process to determine whether or not it can reasonably accommodate the disability.

120. Defendants were employers of Plaintiffs and the Class Members as defined under the FEHA, who regularly employ more than five employees.

121. Defendants knew of Plaintiff Johnson's disability because he had disclosed his disability on his job application and thereafter informed multiple supervisors and managers of his medical disabilities when they told him he was not making his production rates to their satisfaction. Even though Plaintiff Johnson's disability was acknowledged as "known" by his supervisor, Mr. Jenkins, his medical condition which limited a major life activity (e.g. work) was shrugged off and he was sent for re-training and then he was subsequently reassigned to a position that demanded even faster production rates.

122. Defendants likewise knew of Plaintiff Leach's disability because she was injured at work and immediately notified her supervisor who sent her to see a doctor.  After her visit with the doctor, Plaintiff Leach presented her doctor's work status report, with indicated work restrictions of no lifting anything over 15 pounds and no overhead lifting at which time Plaintiff Leach requested and was denied an accommodation.

123. Defendants were also aware of Darius Boyd's disability or perceived disability because they had him sitting in the facility's medical infirmary ice his back for fourteen days after he injured himself, knowing full well that he was unable to see a doctor until the middle of October of

27

CLASS ACTION COMPLAINT

EXHIBIT B
Page 35

1   2018. After the two weeks they would no longer allow him to take breaks to apply ice to his back
2   and shoulders and terminated him for missing five days of work because he was in so much pain
3   from his work-injury.

4       124.  Defendants were aware of Plaintiff Aljawad's breathing disability because he complained
5   to his manager and to HR that the noxious diesel exhausts and fumes were making him sick and
6   unable to breathe.  He was immediately forced to resign the very same hour he complained.

7       125. Plaintiffs and Class Members had disabilities that limited a major life activity.

8       126. After Plaintiffs explained their disabling conditions, no accommodation was discussed or
9   provided.  No 'magic words' are needed when a Plaintiff is seeking an accommodation. Thus,
10  Defendants were fully aware of Plaintiffs' disabilities and limitations through these discussions
11  between Plaintiffs and managers and/or supervisors or HR personnel and expressed their need for
12  an accommodation.  Nevertheless, rather than reasonably accommodate Plaintiffs, Defendants
13  wrote up Plaintiff Johnson for low production rates and then terminated him.  Defendants
14  summarily denied Plaintiff Leach any accommodation and denied her application for an alternative
15  position in the company as an in-warehouse traffic director and terminated her instead.  They fired
16  Darius Boyd and said he took too much time off of work for his injury and they forced Plaintiff
17  Aljawad to involuntarily resign when he informed them he was having a severe breathing problem.

18      127. Accommodation of Plaintiffs or other disabled Class Members, would not have imposed
19  an undue hardship on Defendants as there were thousands of employees employed in the fulfillment
20  centers and many positions available in the fulfillment centers to which Plaintiffs and similarly
21  situated Class Members could have been assigned.  With such reasonable accommodation,
22  Plaintiffs and Class Members could have performed the essential duties of their jobs.

23      128. Defendants ultimately failed to accommodate Plaintiffs and similarly-situated Class
24  Members.

25      129. As to Plaintiff Johnson, Defendants assigned Plaintiff Johnson to an even more
26  demanding position which was clearly designed to *guarantee* a greater struggle and his failure.
27  Indeed, in his new assignment, while trying to work even faster Plaintiff Johnson injured his right

28  _____ 28 _____

CLASS ACTION COMPLAINT

EXHIBIT B
Page 36

1  hand. As a result, Plaintiff Johnson was terminated one week later after he showed up at work

2  wearing a medical brace on his right hand in order to stabilize his hand, so he could work.

3      130. As to Plaintiff Leach, after sustaining a work-related injury, even when she asked to be

4  permitted to perform other duties and formally applied for a position in the warehouse in flex

5  dispatch, she was denied reassignment to any other duties she could have performed; her

6  application for flex dispatch was denied, and was completely denied any accommodation

7  whatsoever.

8      131. As to Plaintiff Boyd, he was terminated for accruing too many "points" before he had a

9  chance to see a doctor or to file a worker compensations claim for his work related injury after

10  Defendants refused to allow him to continue icing his injuries at work insisting he resume

11  performing his full duties, and the resultant accrual of too many points for missing work because of

12  his work-related injuries, while waiting for his October 15, 2018 medical appointment.

13      132. As to Plaintiff Aljawad, Defendants simply terminated him by forcing him to involuntarily

14  resign the morning he went to his manager and HR about his breathing difficulty due to inhaling

15  noxious diesel fumes and exhaust.

16      133. Rather than accommodate Plaintiffs and similarly-situated Class Members, Defendants

17  either manually manipulated the computer software production tracking system to make it appear

18  that Plaintiffs and similarly situated Class Members weren't performing their jobs to create a

19  fictionalized excuse for termination and/or assigned them to more demanding job duties so that they

20  could terminate them if they couldn't keep up, and in many instances, such as in the case of

21  Plaintiffs Leach, Boyd and Aljawad, simply terminated them because of their actual or perceived

22  disabilities.

23      134. As a legal, direct and proximate result of the actions of Defendants, Plaintiffs and the Class

24  Members were harmed.

25      135. Defendants' failure to accommodate Plaintiffs and the Class Members was a substantial

26  factor in causing Plaintiffs and the Class Members harm.

27

28  _____ 29 _____

CLASS ACTION COMPLAINT

136. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered, and continue to suffer, economic damages in an amount to be proven at trial, which include but are not limited to back pay and front pay.

137. As a further direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and the Class Members have suffered and continue to suffer emotional distress, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

138. Defendants' actions, listed above, were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiffs and the Class Members' rights with the intent, design, and purpose of injuring Plaintiffs and the Class Members.

139. Defendants, by and through their officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above. Accordingly, Plaintiffs and the Class Members are entitled to recover and seek punitive damages in an amount according to proof at trial.

140. Pursuant to California Government Code § 12965(b), Plaintiffs and the Class Members they seek to represent, request a reasonable award of attorney's fees and costs. Plaintiffs and the class are also entitled to attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

### FOURTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### In Violation of Gov't Code Section 12940 (n)
### (Against Defendants and Does 1-50, Inclusive)

141. Plaintiffs, on their own behalf and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

142. At all times hereto, California Government Code § 12940 (n), (the FEHA) was in full force and effect and were binding upon Defendants.

143. Section 12940 (n) of the FEHA requires Defendants to engage Plaintiffs and the Class Members in a timely, good faith interactive process to determine effective reasonable

30

CLASS ACTION COMPLAINT

1  accommodations, if any, in response to a request for reasonable accommodation by an employee

2  with a known physical or mental disability or known medical condition.

3      144. Plaintiffs and those similarly situated Class Members had a disability or medical condition

4  of which Defendants were aware.

5      145. When Defendants asked Plaintiff Johnson why he was working and performing his duties

6  but not making his expected production rates, Plaintiff explained that he had a medical disability

7  and was working as fast as he could. While he explained all of this to managers and supervisors, on

8  multiple occasions they continued to write him up for low rates even though they knew or

9  reasonably should have known that he needed an accommodation.

10      146. This went on for over a month, and while Defendants were well aware of Plaintiff

11  Johnson's medical disabilities, at no point in time did Defendants make so much as a single effort to

12  engage in the interactive process.  Defendants' only response when Plaintiff repeatedly told his

13  supervisors about his disabilities was to send Plaintiff to re-train where his packing and scanning

14  techniques were observed and then they subsequently assigned him to binning where his production

15  rates were actually increased demanding 200 items were to be chuted to the line workers per hour.

16      147. As a result of the increased speed and production expectations, Plaintiff Johnson injured

17  himself on the job.  One week later, with no discussion whatsoever concerning a reasonable

18  accommodation for his injury and for his medical condition, Defendants abruptly terminated him,

19  when he showed up to work with a medical brace on his injured hand.

20      148. Defendants were also aware of Plaintiff Leach's disability because she was injured at work

21  and immediately notified her supervisor who sent her to see a doctor.  After her visit with the

22  doctor, Plaintiff Leach presented her doctor's work status report, with indicated work restrictions of

23  no lifting anything over 15 pounds and no overhead lifting at which time Plaintiff Leach requested

24  and was denied an accommodation.

25      149. When Plaintiff Leach requested accommodation and reassignment as a sorter and applied

26  for another position in the warehouse she was flatly refused and denied any accommodation and

27  simply immediately terminated the same day she presented her doctor's note with work restrictions,

28  ─────────────────────────── 31 ───────────────────────────

CLASS ACTION COMPLAINT

1    with no effort to engage with her in discussion whatsoever concerning her disabling condition to

2    explore any possible alternative options or resolutions to accommodate her.

3        150. When Plaintiff Boyd asked for accommodation after he injured himself lifting heavy

4    boxes, the only accommodation he was offered was to sit in the medical infirmary on premises ad

5    ice his injury.  After two weeks Defendants told him he had to resume his full duties with no more

6    icing and no more accommodation.  He tried valiantly to work through the pain, but when it was too

7    excruciating to come to work or he had to leave after working just a half a day, they simply

8    terminated him.  Apart from handing him ice packs for two weeks, no accommodation was

9    discussed or offered.

10        151.   Plaintiff Aljawad had a very strong and adverse response to breathing in the noxious

11   diesel exhaust, soot and fumes being expelled into the warehouse every day from sixty diesel

12   trucks.  When it made him so sick and unable to breathe, he reported his condition to his manager

13   who sent him to HR.  HR forced him to sign a resignation that very day, with no discussion or even

14   an attempt to work out some kind of accommodation for his disabling breathing condition.

15        152. Similarly situated Class Members were also and similarly terminated when Defendants

16   became aware of their disabilities without any good faith effort by Defendants to engage in the

17   interactive process to determine whether or not a reasonable accommodation could be made.

18        153. Defendants failure to engage in the interactive process as required under Section 12940 (n)

19   was a proximate cause in Plaintiffs' damages as stated below.

20        154. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Class

21   Members they seek to represent have suffered economic damages in an amount to be proven at trial,

22   which include but are not limited to back pay and front pay.

23        155. As a further legal, direct and proximate cause of Defendants' unlawful conduct, Plaintiffs

24   and the Class Members have suffered emotional distress, emotional pain, suffering, inconvenience,

25   mental anguish and other non-pecuniary losses.

26        156. Defendants' actions, were done with malice, fraud and/or oppression, and in reckless

27   disregard of Plaintiffs and the Class Members' rights with the intent, design, and purpose of

28   _____ 32 _____

CLASS ACTION COMPLAINT

1   injuring Plaintiffs and the Class Members.  Defendants, by and through their officers, managing

2   agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above.

3   Accordingly, Plaintiffs and the Class Members are entitled to recover and seeks punitive damages

4   in an amount to be proven at trial.

5       157. Pursuant to California Government Code § 12965(b), Plaintiffs and the Class Members

6   they seek to represent request a reasonable award off front pay, back pay, emotional distress

7   damages and attorney's fees and costs.  Plaintiffs and the class are also entitled to attorneys' fees

8   pursuant to California Code of Civil Procedure Section 1021.5.

9

10                              **FIFTH CAUSE OF ACTION**
                                      **RETALIATION**
11                          **In Violation of Gov. Code § 12940 (h)**
                        **(Against Defendants and Does 1-50, Inclusive)**
12
        158. Plaintiffs reallege each and every allegation contained in this Complaint and incorporate
13
    the same as though set forth in full herein.
14
        159. The foregoing conduct further violates the Fair Employment and Housing Act,
15
    Government Code §§12940 (h) which provides that provides that it is unlawful to retaliate against
16
    a person "because the person has opposed any practices forbidden under Government Code sections
17
    12900 through 12966 or because the person has filed a complaint, testified, or assisted in any
18
    proceeding under the FEHA."
19
        160.  Plaintiff Johnson repeatedly told his supervisors that he had a disabling medical condition
20
    and was required to take medication.  One of his supervisors audaciously told him he should stop
21
    taking his medication so that he could work faster.  Initially Plaintiff Johnson was under a production
22
    quota of 170 items per hour, whether conveyor belts jammed, stalled or broke down. Because he
23
    was perceived as slow or disabled, Defendants intentionally created work conditions that put him
24
    on the fast track for termination by sending him for retraining and then deliberately reassigned him
25
    to an even more demanding position with an even greater production quota of 200 items per hour.
26
    For three months Defendants ignored his explanations about his disability and ignored his dutiful
27

28   _____ 33 _____

                                    CLASS ACTION COMPLAINT

good faith efforts to work faster and faster, no matter what quotas they placed on him.  Plaintiff Johnson even showed one of his supervisors *written proof* that he was in fact meeting his production quotas.  It didn't matter.  In retaliation Defendants continued to serially write him up for working too slow and then terminated him after he injured his hand trying to work even faster.

161. Plaintiff Leach was injured when a heavy box fell and hit her in the head injuring her.  When she reported her injury, she was refused any and all accommodation and terminated in retaliation.

162. Plaintiff Boyd was also injured at work when working in a facility designated for heavier and larger boxes. He was only allowed to ice himself in the medical infirmary at the facility and then terminated when he was in far too much pain to work a full shift or was unable to come to work at all.  Despite the fact that Defendants were aware that Plaintiff Boyd had to wait two months to get a medical appointment to even be seen for his work related injury, they terminated him in retaliation for "taking too much time off of work."

163. Defendants forced Plaintiff Aljawad's involuntary resignation because he engaged in protected activity when he complained to his manager and to HR that the noxious diesel fumes and exhaust in the warehouse where he worked rendered him unable to breathe.

164. In each of these instances Plaintiffs' and similarly situated Class members' were engaging in statutorily protected conduct by requesting accommodation for a disability.

165. Under the FEHA, Plaintiffs and similarly situated Class members had a statutorily protected right to file a workers compensation claim for work related injuries and to request an accommodation for their disabilities.  When Plaintiffs and the Class members engaged in these protected activities, their right to hold their jobs was also protected.

166. The absence of effort on the part of Defendant to engage in the interactive process, combined with the immediacy of Plaintiffs and similarly situated Class members' terminations reveal the proscribed discriminatory and retaliatory motives for their termination.  Defendants' decision to terminate Plaintiffs and similarly situated Class members was motivated by their engaging in protected activities under the FEHA -- that of filing a workers compensation claim or

34

CLASS ACTION COMPLAINT

1  for complaining and opposing forbidden unlawful discriminatory practices, and/or requesting an

2  accommodation for their disabilities.

3      167. But for Plaintiffs' and similarly situated Class members engaging in such statutorily

4  protected activities, they would not have been discharged.

5      168. Plaintiffs' and similarly situated Class members' statutorily protected actions were the

6  motivating reason for Defendants' decision to discharge them.

7      169. Defendant's retaliatory conduct was a substantial factor in causing Plaintiffs' and the Class

8  members' harm.

9      170. Such retaliation and violation under Section 12940 (h) was a proximate cause in Plaintiff

10  and Class members' damages as stated below.

11      171. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and Class

12  members have suffered, and continue to suffer, economic damages in an amount to be proven at

13  trial, which include but are not limited to back pay and front pay.

14      172. As a further direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and

15  Class members have suffered and continue to suffer emotional distress, emotional pain, suffering,

16  inconvenience, mental anguish and other non-pecuniary losses.

17      173. Defendants' actions, listed above, were done with malice, fraud and/or oppression, and in

18  reckless disregard of Plaintiffs' and Class members rights with the intent, design, and purpose of

19  injuring Plaintiffs and the Class members. Defendants, through its officers, managing agents, and/or

20  supervisors, authorized, condoned and/or ratified the unlawful conduct listed above. Accordingly,

21  Plaintiffs and Class members are entitled to recover and seek punitive damages in an amount

22  appropriate to punish Defendants and to make an example of Defendants to the community.

23      174. Pursuant to California Government Code § 12965(b), Plaintiffs and Class members request

24  a reasonable award off front pay, back pay, emotional distress damages and attorney's fees and

25  costs.

26

27

28

_____ 35 _____

CLASS ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**
**WRONGFUL TERMINATION**
**In Violation of Public Policy**
**(Against Defendants and Does 1-50, Inclusive)**

175. Plaintiffs on their own behalf and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

176. On March 30, 2018 Plaintiff Samille R. Johnson received a right to sue letter (DFEH No. 201803-01762731) from the California Department of Fair Employment and Housing (DFEH). On September 27, 2018, Plaintiff Marie C. Leach received a right to sue letter (DFEH No. 2018109-03696827) from the DFEH. On October 1, 2018, Plaintiff, Darius Boyd received a right to sue letter (DFEH No. 201810-03731701) from the DFEH. On October 2, 2018 Hussam Aljawad received a right to sue letter (DFEH No. 201810-03757703) from the DFEH. Accordingly, Plaintiffs have each timely exhausted their administrative remedies and have timely commenced this lawsuit.

177. At all times hereto, California Government Code § 12940 et seq., (the FEHA) was in full force and effect and were binding upon Defendants, and each of them.

178. The FEHA requires Defendants to refrain from:

   (a) discriminating against any employee because of his/her disability or perceived disability;

   (b) failing or refusing to engage in good faith in the interactive process to explore whether or not a reasonable accommodation can be provided when a need for accommodation is requested or known;

   (c) wrongfully terminating any employee who engaged in a statutorily protected activity such as filing a workers' compensation claim for a work related injury and/or for requesting a reasonable accommodation for his or her disability.

179. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by discriminating against Plaintiffs and the Class Members as alleged.

36

CLASS ACTION COMPLAINT

180. Defendants wrongfully terminated Plaintiffs and Class Members because of, including, but not limited to any of the following reasons:

    a.) Because the employee had filed a workers' compensation claim

    b.) Because of a known actual or perceived disability.

    c.) Because an employee was aged/over the age of 40.

181. But for Plaintiffs and the Class Members' disabilities and/or defendant's discovery of Plaintiffs and Class Members' current or previous filing of workers compensation claims and/or requests for accommodation, they would not have been discharged.

182. The above-stated acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were the proximate cause of Plaintiffs and the Class Members' damages as stated below.

183. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Class Members have suffered economic damages in an amount to be proven at trial, which include, but are not limited to back pay and front pay.

184. As a further legal, direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and the Class Members have suffered emotional distress, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

185. Defendants' actions, listed above, were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiffs and the Class Members' rights with the intent, design, and purpose of injuring Plaintiffs and the Class Members.   Defendants, by and through their officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct listed above. Accordingly, Plaintiffs and the Class Members are entitled to recover and seek punitive damages in an amount to be proven at trial.

186. Pursuant to California Government Code § 12965(b), Plaintiffs and the Class Members request a reasonable award of front pay, back pay, emotional distress damages and attorney's fees and costs. Plaintiffs and the class are also entitled to attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

<div align="center">37</div>

<div align="center">CLASS ACTION COMPLAINT</div>

**SEVENTH CAUSE OF ACTION**
**UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES**
**In Violation of California Business and Professions Code Sections 17200 et seq.**
**(Against Defendants and Does 1-50, Inclusive)**

187. Plaintiffs on their own behalf, and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

188. California Business and Professions Code Section 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

189. California Business and Professions Code Section 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

190. California Business and Professions Code Section 17203 provides in relevant part that the court may "restore to any person in interest any money or property, real or person, which may have been acquired by means of such unfair competition."

191. California Business and Professions Code Section 17203 also provides that any person who meets the standing requirements of Section 17204 and complies with California Code of Civil Procedure Section 382 may pursue representative claims for relief on behalf of others.

192. California Business and Professions Code Section 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

193. Pursuant to Section 17204, Plaintiffs and other similarly situated employees are entitled to enforce all applicable provisions of the FEHA.

194. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in the Complaint, including, but not limited to violations of Gov't Code Sections 12940

38

CLASS ACTION COMPLAINT

(a), (h), (m) and (n) and have wrongfully terminated employees because they were disabled or because of their age in violation of the public policy of California.

195. The violations of these laws and statutes, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code Section 17200 et seq.

196. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code Section 17200, et seq. Among other things, Defendants' acts and practices have forced Plaintiffs and other similarly situated workers to labor without receiving the same benefits and conditions of employment as their non-disabled or younger coworkers who were employed by Defendants and performing same or similar job duties.

197. Plaintiffs and other similarly situated employees are therefore, entitled to restitution and injunctive relief pursuant to Business and Professions Code Section 17203.

198. Plaintiffs are informed and believe, and based thereon allege, that Defendants are unjustly enriched through the acts described above and that he and the Class have suffered and continue to suffer irreparable prejudice by Defendants' unfair practices. Further, by engaging in such activities, Defendants are illegally operating at an unfair advantage to other law-abiding employers in the State of California.

199. The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiffs and the Class Members allege that if Defendants are not enjoined from the conduct set forth in this complaint, they will continue to unlawfully discriminate against disabled and aged employees.

200. Plaintiffs and the Class Members will request that the Court issue a preliminary and permanent injunction prohibiting Defendant from continuing such unlawful acts of discrimination, including failure and refusal to accommodate or engage in the interactive process with disabled, injured or aged employees over the age of 40 and wrongfully terminating them in violation of public

39

CLASS ACTION COMPLAINT

1   policy and/or wrongfully terminating them in retaliation for engaging in protected activity such as

2   filing a workers compensation claim.

3       201. Plaintiffs and the Class Members' success in this action will enforce important rights

4   affecting the public interest.  Therefore, Plaintiffs sues on behalf of himself and other similarly

5   situated employees.

6       202. An award of attorneys' fees is appropriate pursuant to California Civil Code Section

7   1021.5 because 1.) this action will confer a significant benefit upon a large class of persons; and

8   2.) there is a financial burden involved in pursuing this action; and 3.) it would be against the

9   interest of justice to force Plaintiffs to pay attorneys' fees from any amount recovered in this

10  action.

11                              **PRAYER FOR RELIEF**

12      Plaintiffs on behalf of themselves and the Class Members they seek to represent, prays for

13  relief as follows:

14      1. For an order certifying the First through Seventh causes of action and maintaining said

15  causes of action as a class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the members of

16  the Class who were either employed or who performed work here in the State of California within the

17  Class Period and that notice of the pendency of this action be provided to members of the Class;

18      2. Designation of Plaintiffs as the Class Representatives for the Class and Plaintiffs' attorney

19  as Class Counsel for the Class.

20      3. For a declaratory judgment that Defendants have violated the FEHA and the public

21  policy of the State of California, as alleged herein.

22      4. For declaratory relief and judgment that Defendants have violated California Business

23  and Professions Code sections 17200 et seq. as a result of the aforementioned violations of the

24  FEHA and of California public policy protecting disabled workers and workers over the age of 40.

25

26

27

28  _____ 40 _____

CLASS ACTION COMPLAINT

5.  For a permanent and mandatory injunction prohibiting Defendants, their officers, agents, employees, affiliated companies and all those working in concert with them from committing future violations of the laws and public policies described herein;

6.  For an award of restitution;

7.  For an order awarding Plaintiffs and Class Members compensatory damages, including, but not limited to back pay, back pay, and other compensation, according to proof at trial and interest on these amounts.

8.  For award of reasonable attorneys' fees as provided by Gov't Code Section 12965 (b) and Section 1021.5;

9.  For all costs of suit, including expert witness fees; and

10. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs and the Class Members they seek to represent, demand trial by jury of all claims and causes of action so triable.

DATED: February 27, 2019         WHITEHEAD EMPLOYMENT LAW

By: _____
           Jacob N. Whitehead
           Nicole Jacobsen
           Attorneys for Plaintiffs
           SAMILLE JOHNSON,
           MARIE C. LEACH,
           DARIUS BOYD,
           HUSSAM ALJAWAD,
           and Putative Class

41

CLASS ACTION COMPLAINT

EXHIBIT "A" - DFEH RIGHT TO SUE JOHNSON



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

March 30, 2018

Jacob N. Whitehead
15615 Alton Pkwy.
Irvine, California 92618

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 201803-01762731
Right to Sue: Johnson / Golden State FC, LLC et al.

Dear Jacob N. Whitehead:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

EXHIBIT B
Page 51



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.
                                                                            DIRECTOR KEVIN KISH
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 30, 2018

RE:  **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 201803-01762731
     Right to Sue: Johnson / Golden State FC, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                            GOVERNOR EDMUND G. BROWN JR.
                                                                                                                                                      DIRECTOR KEVIN KISH
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 30, 2018

Samille Johnson
13323 Purple Sage Drive
Victorville, California 92392

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201803-01762731
      Right to Sue: Johnson / Golden State FC, LLC et al.

Dear Samille Johnson,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective March
30, 2018 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing


EXHIBIT B
Page 53

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

3

**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Samille Johnson                                             DFEH No. 201803-01762731

6

Complainant,

7

vs.

8

Golden State FC, LLC
410 Terry Avenue North

9

Seattle, Washington 98109

10

Respondent.

11

12

1. Respondent **Golden State FC, LLC**  is an **employer** subject to suit under the
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

13

14

2. Complainant **Samille Johnson**, resides in the City of **Victorville** State of
**California.**

15

3. Complainant alleges that on or about **April 22, 2017**, respondent took the

16

following adverse actions:

17

**Complainant was harassed** because of complainant's disability (physical or
mental), age (40 and over).

18

19

**Complainant was discriminated against** because of complainant's disability
(physical or mental), age (40 and over) and as a result of the discrimination was

20

terminated, denied a work environment free of discrimination and/or retaliation,
denied reasonable accommodation for a disability.

21

22

**Complainant experienced retaliation** because complainant requested or used a
disability-related accommodation and as a result was terminated, denied a work

23

environment free of discrimination and/or retaliation, denied reasonable
accommodation for a disability.

24

25

**Additional Complaint Details:** Complainant, Samille Johnson was a 52-year-old,

26

full-time non-exempt employee working as a Warehouse Packing Associate at

27

-1-
*Complaint -- DFEH No. 201803-01762731*

28

Date Filed: March 30, 2018

1  Respondent Amazon, Inc.'s and Respondent Golden State FC, LLC's joint-venture
2  fulfillment center in San Bernardino, California. Complainant was employed by
   Respondents from March 1, 2017 until his termination on April 22, 2017.
3  Complainant was compensated at an hourly rate of $11.75. Complainant suffers
   from a variety of medical disabilities, such as anxiety disorder, duodenitis, essential
4  hypertension, a left posterior subcapsular cataract, and hyperlipidemia. Complainant
   disclosed his medical disabilities in his employment application to Respondents. On
5  or about March 15, 2017, Complainant's immediate supervisor, Nathan Jenkins
6  wrote up Complainant, stating "associate needs to speed up when scanning items."
   Complainant reminded Mr. Jenkins that he had various medical disabilities that
7  prevented him from packing and scanning as fast as younger associates, but that he
   was working as hard and fast as he possibly could. Respondent was aware of
8  Complainant's medical disabilities, as it was noted on his "Re-Train Results Form"
   issued by Mr. Jenkins. Thereafter, on April 5, 2017, Complainant was written up
9  again for not "speeding up the process," to which Complainant informed his trainer,
   Barrazat, of his medical disabilities and that he was working as fast as he could.
10 Shortly thereafter, Mr. Jenkins approached Complainant and stated, "You should
11 quit in order to be eligible for rehire," suggesting that Complainant was soon to be
   terminated. No efforts were made whatsoever to accommodate Complainant's
12 medical disabilities, and on April 12, 2017, Complainant was written up a third time
13 for "low production rates." Complainant spoke with another supervisor, Ryan, and
   was told "you have never hit your rates and you will be terminated on next contact."
14 However, Complainant had hit required production rates multiple times and had
   documented proof, according to Respondent's posted Rate Progress Sheets,
15 displayed on a bulletin board each day for employees to view. Fearing termination,
16 Complainant attempted to work faster and consequently injured his right hand and
   forearm as a result. Complainant was thereafter approached by Oggy, a supervisory
17 assistant, who again stated that Complainant's production rates were low.
18 Complainant informed Oggy of his medical disabilities, including his high blood
   pressure, to which Oggy stated, "You should stop taking your medications and your
19 rates will improve." However, Complainant's medications did not affect his work
   performance and Complainant informed Oggy that he could not simply stop taking
20 his medications. One week later, on April 19, 2017, Complainant reported to work
21 with a medical brace on his right hand and forearm and was approached by Ryan,
   who told Complainant that Human Resources wished to speak with him. In the
22 meeting, Ryan acknowledged Complainant's work ethic was great, but nonetheless,
   Ryan terminated Complainant and he was thereafter paraded out of the building by
23 Security. Without question, Complainant's termination was motivated by the fact that
   Complainant had various medical disabilities that Respondents refused to
24 accommodate him for. Respondents Golden State FC and Amazon were fully aware
25 of Complainant's medical disabilities but failed to engage in an interactive process
   with Complainant to determine reasonable accommodations that would have
26 assisted him in carrying out his job duties as fast as his younger counterparts.

27                                          -2-
                         Complaint – DFEH No. 201803-01762731
28
   Date Filed: March 30, 2018

1   Accordingly, Complainant has alleged and is bringing the following FEHA claims: For
2   disability and age discrimination in violation of Government Code section 12940 et
    seq; for retaliation in violation of Government Code section 12940(h); for failure to
3   accommodate in violation of Government Code section 12940(m); for failure to
    engage in the interactive process in violation of Government Code Section 12940
4   (n); and for wrongful termination in violation of the public policy of the State of
    California.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    -3-
                                    *Complaint -- DFEH No. 201803-01762731*
28
    Date Filed: March 30, 2018

VERIFICATION

I, **Jacob N. Whitehead**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On March 30, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Irvine, California**

-4-
*Complaint – DFEH No. 201803-01762731*

Date Filed: March 30, 2018

EXHIBIT "B" - DFEH RIGHT TO SUE MARIE LEACH



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 27, 2018

Jacob Whitehead
15615 Alton Pkwy., Ste. 175
Irvine, California 92618

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 201809-03696827
       Right to Sue: Leach / Amazon.com, LLC et al.

Dear Jacob Whitehead:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 27, 2018

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201809-03696827
      Right to Sue: Leach / Amazon.com, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 27, 2018

Marie Leach
119 Estrella
Tustin, California 92780

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201809-03696827
        Right to Sue: Leach / Amazon.com, LLC et al.

Dear Marie Leach,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 27, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

3

**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Marie Leach                                          DFEH No. 201809-03696827

6

Complainant,

7

vs.

8

Amazon.com, LLC

9

410 Terry Avenue North
Seattle, Washington 98109-5210

10

Golden State FC, LLC

11

2021 7th Avenue
Seattle, Washington 98121

12

Respondents

13

_____

14

1. Respondent **Amazon.com, LLC** is an **employer** subject to suit under the

15

California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16

2. Complainant **Marie Leach**, resides in the City of **Tustin** State of **California.**

17

3. Complainant alleges that on or about **December 3, 2017**, respondent took the

18

following adverse actions:

19

**Complainant was discriminated against** because of complainant's disability

20

(physical or mental), age (40 and over) and as a result of the discrimination was
terminated, denied hire or promotion, denied a work environment free of

21

discrimination and/or retaliation, denied any employment benefit or privilege, denied
reasonable accommodation for a disability, denied work opportunities or

22

assignments.

23

**Complainant experienced retaliation** because complainant reported or resisted

24

any form of discrimination or harassment, requested or used a disability-related
accommodation and as a result was terminated, denied hire or promotion, denied a

25

work environment free of discrimination and/or retaliation, denied any employment
benefit or privilege, denied reasonable accommodation for a disability.

26

27

-1-
*Complaint – DFEH No. 201809-03696827*

28

Date Filed: September 27, 2018

1

2 **Additional Complaint Details:** Complainant, Marie C. Leach was a 68-year-old,

3 full-time, non-exempt, seasonal employee working as a Warehouse Picker Associate
at Respondent Amazon, Inc.'s and Respondent Golden State FC, LLC's joint-

4 venture fulfillment center in Irvine, California. Complainant was employed by
Respondents from November 21, 2017 until her termination on December 1, 2017

5 because of a work-related injury. On December 1, 2017, Complainant was working
in a narrow aisle unloading bags of merchandise from her cart and putting them on

6 shelves, when another associate passed by with a fully loaded cart, knocking his

7 cart into hers. When he did so, a large heavy bag full of merchandise on the top of
her cart, toppled down, hitting her on the head, bounced down, hitting her on her

8 neck and shoulders. Complainant advised her supervisor of the injury and was sent
to see a doctor. Complainant sustained a torn tendon in her right shoulder.

9 Complainant was released by her doctor to return to work with a work restriction of
lifting no more than 15 pounds and no overhead lifting.  Respondents supervisor

10 told her that they could not accommodate her, but offered no other alternatives.

11 Complainant asked if she could work sorting and was declined.  That same day, she
applied for another position as a flex dispatch (traffic director in the warehouse) and

12 was also denied the position. At no time did anyone from Amazon discuss any kind
of reasonable accommodation, nor did they bother to engage in the interactive

13 process.   They simply denied her from returning to work.  Unquestionably,
Complainant's termination was motivated by the fact that Complainant was an older

14 employee (68 years old) who had suffered an injury who was now perceived as

15 disabled, who was unable to work as fast as her younger counterparts and because
she had requested an accommodation. Accordingly, Complainant has alleged and is

16 bringing the following FEHA claims: For disability and age discrimination in violation
of Government Code section 12940 et seq; for retaliation in violation of Government

17 Code section 12940(h); for failure to accommodate in violation of Government Code
section 12940(m); for failure to engage in the interactive process in violation of

18 Government Code Section 12940 (n); and for wrongful termination in violation of the

19 public policy of the State of California.

20

21

22

23

24

25

26

27 <center>-2-<br>*Complaint – DFEH No. 201809-03696827*</center>

28 Date Filed: September 27, 2018

<center>EXHIBIT B<br>Page 63</center>

1  VERIFICATION

2  I, **Jacob N. Whitehead**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof. The matters alleged are
   based on information and belief, which I believe to be true.

4
   On September 27, 2018, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                          **Irvine, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                           -3-
27                          *Complaint -- DFEH No. 201809-03696827*

28  Date Filed: September 27, 2018

EXHIBIT "C" - DFEH RIGHT TO SUE DARIUS BOYD



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                   GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**            DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 1, 2018

Jacob Whitehead
15615 Alton Pkwy., Ste. 175
Irvine, California 92618

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 201810-03731701
       Right to Sue: Boyd / Golden State FC, LLC et al.

Dear Jacob Whitehead:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 1, 2018

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201810-03731701
      Right to Sue: Boyd / Golden State FC, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 1, 2018

Darius Boyd
2716 Blue Springs Drive 308
Corona, California 92883

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201810-03731701
        Right to Sue: Boyd / Golden State FC, LLC et al.

Dear Darius Boyd,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 1, 2018 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5
Darius Boyd                                          DFEH No. 201810-03731701

6
                                    Complainant,

7
vs.

8
Golden State FC, LLC
2021 7th Avenue
9
Seattle, Washington 98121

10
Amazon.com LLC
410 Terry Avenue North
11
Seattle, Washington 98109-5210

12
                                    Respondents
13
_____

14
1. Respondent **Golden State FC, LLC**  is an **employer** subject to suit under the
15
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16
2. Complainant **Darius Boyd**, resides in the City of **Corona** State of **California.**

17
3. Complainant alleges that on or about **August 29, 2018**, respondent took the
18
following adverse actions:

19
**Complainant was discriminated against** because of complainant's disability
(physical or mental) and as a result of the discrimination was terminated, denied a
20
work environment free of discrimination and/or retaliation, denied any employment
benefit or privilege, denied reasonable accommodation for a disability.
21

22
**Complainant experienced retaliation** because complainant requested or used a
disability-related accommodation and as a result was terminated, denied any
23
employment benefit or privilege, denied reasonable accommodation for a disability.

24

25
**Additional Complaint Details:** Complainant Darius Boyd, was a twenty-year-old,
full-time, non-exempt, employee working as a Warehouse Associate at Respondent
26

27                                    -1-
                    *Complaint – DFEH No. 201810-03731701*

28
Date Filed: October 1, 2018

1   Amazon, Inc.'s and Respondent Golden State FC, LLC's joint-venture fulfillment
    center located at 5250 Goodman Road, Eastvale, California 91752 in the County of
2   Riverside.  Complaint was employed from May 3, 2018 to August 29, 2018 when he
    was terminated because of a work-related injury. On July 14, Complainant injured
3   his back lifting heavy boxes.  Because he was not able to obtain an appointment to
4   see a doctor until October 15, 2018, Defendants only allow him to sit in their medical
    facility for two weeks stretching and icing his back. After two weeks Respondents
5   told him that he had to be able to return to his normal work duties without any more
    icing and stretching.   Respondents advised him that he must return to work
6   regardless of his pain and work-related injury. Complainant returned to worked to the
7   best of his ability, but the pain was so severe that there were days when he could
    only work a half day and on other days he had to miss work entirely because of the
8   pain.  He missed about five days of work due to the pain in his back, neck and
    shoulders.  During all of this time, he was trying to work through the pain without
9   being able to be seen and treated by a medical doctor.   On August 29, 2018
10  Respondents terminated him and said that his unpaid time off was in the negative
    and that he had taken too many days off.  Because Complainant was injured, he
11  was clearly perceived as disabled.  Rather than engage in the interactive process to
    determine a reasonable accommodation, including time off or necessary continued
12  icing and rest to allow him to manage his pain WHILE waiting for his October 15,
    2018 medical appointment, they simply terminated him.  Due to the foregoing
13  actions of Respondents, Complainant brings the following FEHA claims: For
14  disability discrimination in violation of Government Code section 12940 et seq; for
    retaliation in violation of Government Code section 12940(h); for failure to
15  accommodate in violation of Government Code section 12940(m); for failure to
    engage in the interactive process in violation of Government Code Section 12940
16  (n); and for wrongful termination in violation of the public policy of the State of
    California.
17
18
19
20
21
22
23
24
25
26
27                                      -2-
                        *Complaint – DFEH No. 201810-03731701*
28
    Date Filed: October 1, 2018

1    VERIFICATION

2    I, **Jacob N. Whitehead**, am the **Attorney** in the above-entitled complaint.  I have read
3    the foregoing complaint and know the contents thereof.   The matters alleged are
     based on information and belief, which I believe to be true.

4
     On October 1, 2018, I declare under penalty of perjury under the laws of the State of
5    California that the foregoing is true and correct.

6                                                                                    **Irvine, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                     -3-
27                                  *Complaint – DFEH No. 201810-03731701*

28   Date Filed: October 1, 2018

EXHIBIT "D" - DFEH RIGHT TO SUE HUSSAM  ALJAWAD



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                  GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 2, 2018

Jacob Whitehead
15615 Alton Pkwy., Ste. 175
Irvine, California 92618

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 201810-03757703
        Right to Sue: Aljawad / Golden State FC, LLC et al.

Dear Jacob Whitehead:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Case 8:19-cv-00711-DOC-KES   Document 1-4   Filed 04/15/19   Page 67 of 71   Page ID #:94



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                     GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                     DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 2, 2018

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201810-03757703
      Right to Sue: Aljawad / Golden State FC, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT B
Page 74



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                     GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 2, 2018

Hussam Aljawad
28661 Springfield Drive
Laguna Niguel, California 92677

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201810-03757703
      Right to Sue: Aljawad / Golden State FC, LLC et al.

Dear Hussam Aljawad,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 2, 2018 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT B
Page 75

1  **COMPLAINT OF EMPLOYMENT DISCRIMINATION**
   **BEFORE THE STATE OF CALIFORNIA**
2  **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
   **Under the California Fair Employment and Housing Act**
3  **(Gov. Code, § 12900 et seq.)**

4  **In the Matter of the Complaint of**
5  Hussam Aljawad                          DFEH No. 201810-03757703

6                          Complainant,
7  vs.

8  Golden State FC, LLC
   2021 7th Avenue
9  Seattle, Washington 98121

10 Amazon.com, LLC
   410 Terry Avenue North
11 Seattle, Washington 98109-5210

12
                         Respondents
13 _____

14 1. Respondent **Golden State FC, LLC** is an **employer** subject to suit under the
15 California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16 2. Complainant **Hussam Aljawad**, resides in the City of **Laguna Niguel** State of
17 **California.**

18 3. Complainant alleges that on or about **October 5, 2017**, respondent took the
   following adverse actions:
19
   **Complainant was discriminated against** because of complainant's disability
20 (physical or mental), age (40 and over), other and as a result of the discrimination
   was terminated, forced to quit, denied any employment benefit or privilege, denied
21 reasonable accommodation for a disability.

22 **Complainant experienced retaliation** because complainant requested or used a
23 disability-related accommodation and as a result was terminated, forced to quit,
   denied a work environment free of discrimination and/or retaliation, denied any
24 employment benefit or privilege, denied reasonable accommodation for a disability.

25

26
                                        -1-
27              *Complaint – DFEH No. 201810-03757703*

28 Date Filed: October 2, 2018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Additional Complaint Details:** Complainant Hussam Aljawad was a fifty-four (54) year-old, full-time, non-exempt, employee working as a Warehouse Associate at Respondent Amazon, Inc.'s and Respondent Golden State FC, LLC's joint-venture fulfillment/sortation center located at 17871 Von Karman Avenue, Irvine, California 92614.  Complainant was employed from September 29, 2017 to October 5, 2017 as a sorter, sorting packages to make sure they were routed to their proper destination. Every day, there were about 60 diesel trucks in the warehouse starting and running their engines every morning. The diesel trucks in the warehouse filled the air inside the warehouse with thick, toxic fumes and diesel exhaust particles which Complainant was inhaling, making him sick. Because of the noxious, concentrated diesel fumes and exhaust being expelled within the confines of the warehouse, Complainant experienced difficulty breathing as he was ingesting black diesel particles which burned his throat and gave him severe headaches.  Each day black diesel particles accumulated and blackened the inside of his nostrils and black diesel soot and ash were all over his face and his clothing.  Early in the morning of October 5, 2017, Complainant told his manager Alexus Curtis that he was having extreme difficulty breathing and that was sick every day because of the diesel fumes and exhaust from the trucks in the warehouse.  His manager instructed Complainant to go and speak with the Human Resources ("HR") representative on duty.  Complainant went to HR and speaking with Cindy Quach complained  about how the diesel fumes and exhaust in the warehouse was making him sick.  Ms. Quach warned Complainant that if he could not tolerate the working conditions and began to call in sick because of the air conditions in the warehouse, he would accumulate points and would be fired, whereupon Ms. Quach gave him a form and insisted that he sign it. It was a resignation form.  The next day Complainant again contacted HR who provided him with workers compensation claim forms. Even though he complained about his inability to breath due to the conditions in the warehouse that were making him sick, at no time did a supervisor, a manager or anyone in HR discuss any kind of reasonable accommodation such as a transfer to another department or location that might alleviate his condition.  Instead, Complainant was forced to resign with no attempt by Respondents whatsoever to engage him in the interactive process.  Due to the foregoing actions of Respondents, Complainant brings the following FEHA claims: For age and disability discrimination in violation of Government Code section 12940 et seq; for retaliation in violation of Government Code section 12940(h); for failure to accommodate in violation of Government Code section 12940(m); for failure to engage in the interactive process in violation of Government Code Section 12940 (n); and for wrongful constructive termination in violation of the public policy of the State of California.

-2-
*Complaint – DFEH No. 201810-03757703*

Date Filed: October 2, 2018

1  VERIFICATION

2  I, **Jacob N. Whitehead**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   On October 2, 2018, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                        **Irvine, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -3-
27                          *Complaint – DFEH No. 201810-03757703*

28  Date Filed: October 2, 2018